CLINTON FOSTER *et al.*, Appellants, *against* CHARLES W. DAYTON *et al.*, Respondents.

(Decided June 6th, 1881.)

The defendants, attorneys for Mrs. W., were conducting legal proceedings on her behalf, in which expenses had been incurred, to pay which, the plaintiffs, at the request of the defendants, made advances of money to the defendants. The proceedings resulted in a settlement, by the terms of which a sum of money was to be paid to the defendants for Mrs. W.; but one of the plaintiffs, who was a necessary party to the settlement, assented to it only upon condition that out of that sum the amounts so loaned by the plaintiffs should be repaid, with interest, to which the defendants agreed if Mrs. W. would sign the plaintiffs' account. Their account, made out as against the defendants, was presented to the latter, and afterwards to Mrs. W., who wrote below it "Please pay the above amount and charge to my account," and signed and returned it to the plaintiffs; the settlement was then carried out, and the defendants received under it the money thereby agreed to be paid to them. *Held,* that the written order of Mrs. W. operated as an equitable assignment of so much of the funds in the defendants' hands, which, in the absence of fraud or misrepresentation, she could not recall; and that an action might be maintained upon such order, against the defendants, even without a written acceptance by them, upon their refusal to pay the amount of it.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

The facts are stated in the opinion.

*Benj. T. Kissam,* for appellants.

*L. A. Gould,* for respondents.

CHARLES P. DALY, Chief Justice.—The money advanced in this case by the plaintiffs was at the defendants' request to enable them to pay the expenses incident to the proceeding they were conducting, to recover from the executrix of the trustee of Mrs. Whittelsey money left in trust for Mrs. W. The money was loaned by Mr. Town, as agent of the plaintiffs, and for the benefit of Mrs. W., who was without means. It

was loaned upon the personal solicitation of the defendants, and might, upon the evidence, if it were necessary, be treated as a loan to them. They were successful in the proceedings, and it was finally arranged that the executrix should, in settlement, pay $22,500—$15,000 to Mrs. W.'s trustees, Messrs. Town & Kissam, and $7,500 to the defendants. To this final settlement or arrangement Mr. Town was a necessary party as one of Mrs. Whittelsey's trustees, and certain instruments were to be signed by him upon which the money was to be paid by Mr. H. L. Hoguet on behalf of the executrix of Mrs. W.'s former trustee. Mr. Town, however, refused to sign the papers unless it was agreed that out of the $7,500 that was to be paid to the defendants for Mrs. W. the amount loaned by him as agent of the plaintiff should be paid, which, with interest, amounted to $1,301.80. The defendants objected to the payment of the interest on this amount, and after some discussion between the parties, the defendants, Mr. Town, and Judge Van Cott, it was finally agreed that the amount should be paid to Mr. Town, if Mrs. W. would sign the account, to which Mr. Town was not favorable at first, but to which he ultimately assented, saying that he would submit the account to Mrs. W.

Town's account was made out against the defendants, whom he seems to have regarded as the debtors. He took it first to the defendants, and then to Mrs. W., and she signed it in the form of an order in these words: "Please pay the above amount and charge to my account.—Mary E. Whittelsey." The settlement was thus carried through, the $22,500 was paid over as above stated, and the account with Mrs. W.'s order was sent by Town to the defendants' office for the payment of it, with a young man, who called several times without seeing them; and who finally presented it to Mr. Dayton, about three days after the order was signed, or about the 19th of May, 1879, and demanded payment, which was not made, Mrs. W. in the meanwhile, on the 17th of May, 1879, having written a letter to the defendants, saying that she signed the order under a misapprehension, and that, upon reflection, she considered the charge unjust, forbidding them to pay the

amount for which she signed, and requesting them to retain it in their hands.

In a later letter to the defendants she declares it outrageous that she should be required to pay the whole of the amount and interest, when others as well as she were to be benefited ; referring, I suppose, to the fact that the husband of one of the plaintiffs and the other plaintiff, who were her brothers, had a remote contingent interest in the $15,000 which was in trust for her for life, and which, upon her death without issue, was to go to them. She and the defendants, her attorneys, probably thought that, in view of this contingent possible interest in the trust fund, the plaintiffs should bear some part of the expense of the legal proceeding which had resulted in securing it, or should at least relinquish the interest on the loan, which may or may not have been a reasonable expectation. However that may be, Mr. Town, who had become one of Mrs. W.'s trustees, desired that what had been advanced to enable the defendants to go on with the proceedings, with interest, should be paid out of the $7,500 that was to be paid to the defendants for Mrs. W. on the settlement, before he would assent to the settlement, which was reasonable on his part, as the money had been advanced by him, as the plaintiffs' agent, to enable Mrs. W. to prosecute proceedings which had resulted in the settlement.

There is nothing in the evidence that would warrant the court below in assuming that the money advanced by Town was a contribution by the plaintiffs toward the expense of a proceeding in which one of them, and the husband of the other, had a remote contingent interest. Neither Mrs. W. nor the defendants, as her attorneys, entertained any such view of it, for they, with her approval, repaid Town the principal, $800. The only dispute or point of difference was the payment of the interest, which, if it were a loan either to the defendants or Mrs. W., was necessarily payable from the time of the making of the loan. As the settlement was made, the instrument signed by Town, and the $7,500 paid over to the defendants, with the distinct understanding, on the part of Town, acting for the plaintiffs, and of the defendants, acting

Foster *v.* Dayton.

either for themselves or for Mrs. W., that this amount was to be paid to Town out of the $7,500 if Mrs. W. would do what she did—so order the amount to be paid—her subsequent written order, which she wrote and signed at the bottom of the account and delivered to Town, was a full and complete ratification, on her part, of the agreement. It operated as an assignment of so much of the funds in the defendants' hands for the plaintiffs' benefit, and after the signing and delivery of the order to Town, she could not recall it, there being no evidence that any fraud was practiced upon her or any misrepresentation made to her by Town (*Morton* v. *Naylor*, 1 Hill, 583). It was founded upon a good consideration moving from her—the existence of a debt which she recognized, by her signing the order, that she was bound to pay—and was a complete and final disposition of so much of the funds in the defendants' hands; and they, after a knowledge of the fact that she had made this order, were bound to pay the amount to the plaintiffs, for the order was not in the nature of a bill of exchange, requiring, under the statute, a written acceptance by them to charge them with the payment (*Morton* v. *Naylor*, 1 Hill, 583), but a direction for the payment of a specific sum out of a specific fund in their hands belonging to Mrs. W., which sum, by the operation of the order, became equitably assigned to the plaintiffs, and was thereafter payable by the defendants to the plaintiffs, and upon their refusal thereafter to pay it, an action would lie at the suit of the plaintiffs to compel them to do so (*Barker* v. *Bradley*, 42 N. Y. 316 ; *Parker* v. *City of Syracuse*, 31 N. Y. 376 ; *Berry* v. *Mayhew*, 1 Daly, 54).

In my opinion, the judgment should be reversed and a new trial ordered, costs to abide event.

J. F. DALY and BEACH, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.