### BRADLEY & CURRIER CO. v. PACHETEAU.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

MECHANICS' LIENS—INDEFINITENESS—CLAIMS IN THE DISJUNCTIVE.

> Under Laws 1897, c. 418, § 9, requiring the notice for a mechanic's lien to state the name of the person by whom the lienor was employed, or to whom he furnished, or is about to furnish, materials, or, if he is a contractor, the person with whom the contract was made, the labor performed or to be performed, and the materials furnished or to be furnished, and the agreed price or value thereof, a notice which follows the full language of the statute, and thereby renders it impossible to determine therefrom whether the claim is for labor or material already performed or furnished, or to be performed or furnished, and whether performed or furnished as a contractor or otherwise, and whether the amount claimed was the agreed price or the value, is insufficient to support a lien.
>
> Patterson, J., dissenting.

Appeal from special term, New York county.

Action by the Bradley & Currier Company against Jacques Pacheteau. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Charles Haldane, for appellant.

Austin E. Pressinger, for respondent.

McLAUGHLIN, J. Action to foreclose a mechanic's lien. The plaintiff had a judgment establishing the lien and directing a sale of the premises described in the complaint, from which defendant has appealed. He attacks the judgment principally upon the ground that the notice filed did not comply with the statute, and for that reason was insufficient to create a lien. The statute (section 9, c. 418, Laws 1897) provides that the notice filed shall state the name and residence of the lienor; the name of the owner of the real property against whose interest a lien is claimed; the name of the person by whom the lienor was employed; or to whom he furnished, or is about to furnish, materials; or, if the lienor is a contractor or subcontractor, the person with whom the contract was made; the labor performed or to be performed, and the materials furnished or to be furnished, and the agreed price or value thereof; and the amount unpaid to the lienor for such labor or material. In addition to this, the notice must be verified by the lienor or his agent, to the effect that the statements therein contained are true to his knowledge, except as to the matters therein stated to be on information and belief, and, as to those matters, that he believes them to be true.

The notice here filed did not comply with the statute, and, construing it liberally (as we are required to do by section 22 of the same act), it is unintelligible, and no one can determine from it the ground upon which the lien is claimed,—whether for materials furnished, or to be furnished, or for labor performed, or to be performed; and in other respects it is just as indefinite and defective. The statement in the notice is:

"Third. The name of the person by whom the lienor was employed, or to whom he furnished, or is to furnish, materials, is J. Pacheteau, and the person with whom the contract was made is J. Pacheteau. Fourth. The labor performed or to be performed is mantels and fixtures, and the materials furnished or to be furnished, and the agreed price or value thereof, is four hundred and seventy-five (475) dollars. Fifth. The amount unpaid to the lienor for such labor or and materials is four hundred and seventy-five (475) dollars. Sixth. The time when the first items of work was performed, or and materials were furnished, was October 5th, and the time when the last items of work was performed, or and materials furnished, was October 18th."

It does not require argument to demonstrate that this notice does not comply with the statute, and it cannot be construed in such a way as to enable the plaintiff to derive any benefit from it. The liberal construction provided for in the statute assumes that the statute has, at least in form, been complied with, and that was not done here. To give this notice any other construction would, in effect, be holding that a lien might be acquired by the filing of a notice, no matter how defective, and irrespective of whether or not it complied with the statute at all.

The judgment appealed from, therefore, must be reversed, with costs, and the complaint dismissed, with costs. All concur, except PATTERSON, J., who dissents.