### RYAN et al. v. TRAIN.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. MECHANICS' LIENS—INSUFFICIENCY OF NOTICE—PERSONAL JUDGMENT.
    Though a notice for a mechanic's lien was insufficient in that it was impossible to determine whether the claim was for labor or materials, and whether furnished or performed as a contractor or otherwise, and whether the amount claimed was the agreed price as the value, the prayer

of the complaint in an action to foreclose the lien having demanded that plaintiff have judgment against the defendant for any deficiency that might remain due after sale, plaintiff might recover a personal judgment under his claim for a deficiency.

Appeal from Trial Term, Nassau County.

Action by Nicholas W. Ryan and another against Mary B. Train. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James F. Donnelly, for appellants.

Frederic D. Philips and Charles K. Carpenter, for respondent.

WILLARD BARTLETT, J. This is an action to foreclose a mechanic's lien. The answer set out the notice of lien which had been filed by the plaintiffs, and alleged that it did not comply with the requirements of the mechanic's lien law. The reply admitted that the notice was correctly set out in the answer, and that it was the instrument sought to be foreclosed in this suit. The defendant then moved at a Special Term for the hearing of motions for judgment upon the pleadings, and the motion was granted on the authority of Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531, and Castelli v. Trahan, 77 App. Div. 472, 78 N. Y. Supp. 950.

The notice of lien in the case at bar presents the same defects which were held to be fatal to the notice under consideration in the Pacheteau Case, and it had been held in the Castelli Case that a personal judgment could not be granted in an action to foreclose a mechanic's lien unless the plaintiff succeeded in establishing a valid lien. This being the state of the decisions at the time when the judgment under review was rendered, the learned judge who heard the motion had no option but to grant it. A few months later, however, the Pacheteau Case was reviewed by the Court of Appeals. The Appellate Division in the First Department had reversed the judgment in favor of the plaintiff, and directed a dismissal of the complaint. The Court of Appeals reversed the order of the Appellate Division, and modified the judgment so as to award a personal judgment only, pursuant to section 3412 of the Code of Civil Procedure. Bradley & Currier Company v. Pacheteau, 175 N. Y. 492, 67 N. E. 1080. The effect of this adjudication was to hold that, while a notice like that in the present case was ineffectual to establish a mechanic's lien, the plaintiff might, nevertheless, recover a personal judgment under his claim for a deficiency. Under this doctrine the plaintiffs were entitled to proceed with their action notwithstanding the defective character of their notice. The prayer of the complaint in the Pacheteau Case, after asking for a sale of the premises under the alleged lien, demanded "that for any deficiency on such sale the plaintiff have a personal judgment against the defendant." (See Court of Appeals Cases in Brooklyn Law Library, vol. 1821.) The prayer of the complaint in the present case demands "that the plaintiffs have judgment against the defendant for any deficiency that may remain due them after such sale."

It is suggested that the omission of the word "personal" from the prayer of this complaint may differentiate the case at bar from the Pacheteau Case, but I do not see how this can be so, for any deficiency judgment against a defendant sued individually must needs be a personal judgment.

It follows that the judgment under review should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.