(107 App. Div. 279.)

### MARTIN v. AMBROSE A. GAVIGAN CO. et al.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

1. MECHANICS' LIENS—NOTICE—NAME OF EMPLOYER.

    A notice stating that "the name of the person by whom the lienor was employed or to whom he furnished or is to furnish materials is A., and the person with whom the contract was made is A.," sufficiently complies with Lien Law, Laws 1897, p. 518, c. 418, § 9, subd. 3, requiring the notice of lien to state the name of the person by whom the lienor was employed or to whom he furnished materials, or, if the lienor is a contractor or subcontractor, the person with whom the contract is made.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, §§ 243–245.]

2. SAME—STATEMENT OF AMOUNT DUE.

    A notice stating: "The amount of contract is $30,200. The labor performed or to be performed consisted of all the carpenter work, * * * and the materials furnished or to be furnished is the lumber * * * and other material. * * * Said contractor has not paid as agreed. The total value of such work and material to date is $13,511.95. The amount unpaid to the lienor for such labor and materials is $5,357.86"— sufficiently complies with Lien Law, Laws 1897, p. 518, c. 418, § 9, subds. 4, 5, requiring the notice of lien to state the labor performed or to be performed or materials furnished or to be furnished, and the agreed price or value thereof, and the amount unpaid to the lienor for such labor and materials.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens,. §§ 234–236, 253–255.]

3. SAME—CONSTRUCTION OF LAW.

    By the express provisions of section 22 of the Lien Law, Laws 1897, p.. 525, c. 418, the article relating to mechanics' liens is to be construed liberally to secure the beneficial purposes thereof.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, §§ 5, 165.]

4. SAME—NOTICE—LABOR AND MATERIALS—SEPARATE STATEMENT.

    Lien Law, Laws 1897, p. 518, c. 418, § 9, requiring the notice of lien to state the labor performed or to be performed or materials furnished or to be furnished, and the agreed price or value thereof, and the amount unpaid to the lienor for such labor or materials, does not require the notice to state the value of the labor and materials separately.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 236.]

Appeal from Special Term, Beckland County.

Action by Francis P. Martin against the Ambrose A. Gavigan Company and the Dominican Convent of Our Lady of the Rosary. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH,. and MILLER, JJ.

Hector M. Hitchings, for appellant.
Augustin Ledwith and William J. Swalm, for respondents.

MILLER, J.  The question to be determined in this case is the sufficiency of the plaintiff's notice of lien, which, so far as challenged, is as follows:

"(3) The name of the person by whom the lienor was employed or to whom he furnished or is to furnish materials is Ambrose A. Gavigan Company, and the person with whom the contract was made is Ambrose A. Gavigan Company.  The amount of contract was $30,200.

"(4) The labor performed or to be performed consisted of all the carpenter work for and upon a building on the premises described below, and the materials furnished or to be furnished is the lumber, exterior woodwork, timber, nails, window frames, and other material specified in carpenter's specifications; such work by contract to be paid for on every two weeks to the amount of 70 per cent. thereof, and such material to be paid for in the same way to the full value thereof.  Said contractor has not paid as agreed.  The total value of such work and material to date is $13,511.95.

"(5) The amount unpaid to the lienor for such labor and materials is $5,357.86."

The corresponding subdivisions of section 9 of the lien law (chapter 418, p. 518, Laws 1897), prescribing what must be stated in the notice of lien, are as follows:

"(3) The name of the person by whom the lienor was employed, or to whom he furnished or is to furnish materials; or, if the lienor is a contractor or sub-contractor, the person with whom the contract was made.

"(4) The labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof.

"(5) The amount unpaid to the lienor for such labor or materials."

The defendants insist, upon the authority of Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531; New Jersey Steel & Iron Co. v. Robinson, 85 App. Div. 512, 83 N. Y. Supp. 450; Bossert v. Fox, 180 N. Y. 546, 73 N. E. 1120, affirming 89 App. Div. 7, 85 N. Y. Supp. 308; Armstrong v. Chisolm, 100 App. Div. 440, 442, 91 N. Y. Supp. 693; and Toop v. Smith, 181 N. Y. 287, 73 N. E. 1113—the notice of lien is fatally defective, and the referee has so held.  If this case can be distinguished from the cases cited, the distinguishing feature will be found in the last sentence of each of the paragraphs numbered 3 and 4.  It is true that in stating the nature of the work and materials furnished the statement is in the alternative—"performed or to be performed," "furnished or to be furnished"; but I think a liberal construction of the last sentence of paragraph 4 requires the interpolation of the words "performed and furnished" before "to date."  Thus read, the words "such work and materials" must refer not to the "work performed or to be performed" and "the materials furnished or to be furnished," but to the work already performed and materials furnished of the nature of the work and materials thus generally described as "carpenter work, lumber, exterior woodwork, timber, nails, window frames, and other materials specified in carpenter's specifications."  It is clearly to be inferred from paragraphs 3 and 4 that the plaintiff had a contract to perform all the carpenter work on the building referred to, and to furnish the "lumber, exterior woodwork, timber, nails, window frames, and other materials specified in carpenter's specifications," that such contract amounted to $30,200; and while, of course, it does not appear what portion of

the carpenter work had been done or what portion of the material contracted for had been furnished, I think it does clearly appear that the lien claimed related to so much of the carpenter work on the building as had been performed at the time of the filing of the lien, and to so much of the lumber, etc., as had then been furnished, and that the total value thereof was $13,511.95; and it seems to me that this is sufficiently definite to advise any one of the nature and extent of the demand for which the lien is claimed. While the first part of paragraph 3 is stated in the alternative, I think that the statement that the "person with whom the contract was made is Ambrose A. Gavigan Company" substantially complies with subdivision 3 of said section 9 of the lien law, and that the statement in subdivision 5 of the notice "that the amount unpaid to the lienor for such labor and materials is $5,357.86," when read in connection with the statement that the total contract was $30,200, and that the value of the work and material to date is $13,511.95, clearly refers to the amount unpaid for the labor and materials furnished. If we are to observe the command of section 22 (page 525) of the lien law, it seems to me that we must hold that the notice in this case is a substantial compliance with the provisions of the statute, liberally construed. Certainly the lienor has stated the general nature of the work and materials, and I think has stated that the value of the work already performed and materials furnished of such general nature is $13,511.95, and that of such sum there is unpaid the sum of $5,357.86. Reading the notice as we have, it might still be open to the objection that it does not separately state the value of the labor and materials; but I do not think this is required by the statute, and there is certainly authority for the proposition that it is not (Clarke v. Heylman, 80 App. Div. 572, 80 N. Y. Supp. 794); and I read the opinion in Mahley v. German Bank, 174 N. Y. 499, 67 N. E. 117, to the same effect, although the case was actually decided upon another point. Judge Werner, writing for a majority of the court in Toop v. Smith, supra, said (page 287 of 181 N. Y., page 1114 of 73 N. E.):

"It is urged that the statute does not contemplate a statement of the kind or amount of labor performed or materials furnished by a lienor. We think that is precisely what the statute does require. Such a statement need not necessarily be a specific bill of particulars, but there must be such a general reference to the kind and amount of materials and labor furnished or to be furnished as to advise those who may have a legal interest in the subject of the character and extent of the demand upon which the claim to a lien is based. In other words, there must be a substantial compliance with the requisites of the statute."

I think that this notice does contain such a general reference to the kind and amount of materials and labor furnished as to advise those interested of the character and extent of the demand, and therefore recommend a reversal of the judgment, and, as there are questions of fact which seem to be in dispute, a new trial should be granted; costs to abide the final award of costs. All concur.