Timothy Finn, Plaintiff, v. Carl C. Smith et al., Defend-
ants, Georgianna S. Conkey, Respondent, and The
Mohawk Valley Lumber Company, Appellant.

Mechanic's Lien — Insufficient Notice of Lien. A notice that a
lien is claimed on the property described therein for $5,589.60, "being the
value and agreed price of certain materials furnished and to be furnished,
to wit: Timber, lumber," etc., is fatally defective under the Mechanics'
Lien Law, in that it fails to state explicitly or by plain inference the value
or the agreed price of the labor performed or materials furnished at the
time of the filing thereof.

*Finn* v. *Smith*, 107 App. Div. 630, affirmed.

(Argued December 10, 1906; decided December 21, 1906.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered
November 11, 1905, which affirmed a judgment of Special
Term canceling of record a mechanic's lien.

The facts, so far as material, are stated in the opinion.

*H. V. Borst* and *George C. Stewart* for appellant. The
notice of lien in question contained a sufficient compliance
with subdivision 4, section 9 of the Lien Law. (*Gilmore* v.
*Colcord*, 183 N. Y. 342.) The statute should be construed
literally. (*Hall* v. *Dennerlein*, 29 N. Y. S. R. 67; *Ogden* v.
*Alexander*, 140 N. Y. 356.) The statements contained in a
lien, to render it void or ineffectual, must not only be untrue,
but willfully and intentionally false in some important or
material respect. (*Ringle* v. *W. I. Works*, 149 N. Y. 439;
*White* v. *Livingston*, 69 App. Div. 377; *Aeschlimann* v.
*Pres. Hospital*, 165 N. Y. 296; *N. J. S. & I. Co.* v. *Robinson*,
85 App. Div. 517.)

*P. R. Chapman* for respondent. The notice does not com-
ply with the Lien Law, and is, therefore, ineffectual to charge
the property. (*McKinney* v. *White*, 15 App. Div. 423; *N. J.
S. & I. Co.* v. *Robinson*, 85 App. Div. 512; 178 N. Y. 632;

*Bradley-Currier Co.* v. *Pacheteau,* 71 App. Div. 148 ; 175 N. Y. 492 ; *Toop* v. *Smith,* 87 App. Div. 241 ; *Bossert* v. *Happel,* 89 App. Div. 7 ; *Armstrong* v. *Chisholm,* 100 App. Div. 440 ; *Villaume* v. *Kirchner,* 85 N. Y. Supp. 377 ; *Siegel* v. *Ehrshowsky,* 92 N. Y. Supp. 733 ; *Alexander* v. *Hollender,* 106 App. Div. 404.)

*Per Curiam.* In this case, which is an action to foreclose a mechanic's lien, the Special Term held that the notice of lien filed by the appellant was fatally defective, in that it failed to state the amount of the materials actually furnished at the time of filing the notice, and the agreed price or value thereof. The only statement in the appellant's notice of lien is that the appellant claims a lien on the property described therein "for five thousand five hundred and eighty-nine dollars and sixty cents ($5,589.60), being the value and agreed price of certain materials *furnished and to be furnished,* to wit : Timber, lumber," etc. When the lien was filed the value of material actually delivered for the construction of the building was only $2,661.29. The trial court found that the amount of the lien was not exaggerated by the appellant willfully or intentionally. Despite of such finding we are of opinion that the decision of the trial court, that the lien was invalid, was correct, and that under the statute any notice of lien must state either explicitly or by plain inference the value or the agreed price of the labor performed or materials furnished at the time of filing thereof. It was so held by the Appellate Division of the first department in *Bradley & Currier Company* v. *Pacheteau* (71 App. Div. 148) and *New Jersey Steel & Iron Company* v. *Robinson* (85 App. Div. 512), and both cases were affirmed by this court. (175 N. Y. 492 ; 178 N. Y. 632.) It is true that in the opinion delivered in the later case of *Gilmour* v. *Colcord* (183 N. Y. 342) there is found the expression that " nothing was decided that would warrant the court in holding that the notice of lien in the present case was defective," but the decision proceeded on the ground that there was no sufficient exception to the decision

of the trial court. The case is not to be considered as overruling the prior decisions of this court.

It follows that the judgment appealed from must be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WERNER and HISCOCK, JJ., concur; O'BRIEN, J., not voting; CHASE, J., not sitting.

Judgment affirmed.