### VITELLI v. MAY et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

1. MECHANIC'S LIEN—NOTICE—SUFFICIENCY.

A notice of a mechanic's lien, stating that it was for "labor performed and to be performed and materials furnished and to be furnished, all the labor in, toward, and about the brickwork for six buildings," etc., and that the agreed price thereof was a sum named, and that the amount unpaid for such labor and material was a sum named, showed that the lien claimed was for labor, and that the notice referred to materials furnished, did not render it invalid.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 165, 168.]

2. SAME—ENFORCEMENT—PARTIES DEFENDANT.

Sureties on a bond given to secure the discharge of a mechanic's lien may be made parties defendant to an action to foreclose the lien without a compliance with Code Civ. Proc. § 814, providing for the obtaining of an order granting leave to sue sureties upon an undertaking where provision is not especially made by law for the prosecution thereof.

Appeal fom Special Term, Kings County.

Action by Nicola Vitelli against Henry B. May and others and Edward Johnson and Frank A. Slocum. From an interlocutory judgment overruling their demurrer to the complaint, Johnson and Slocum appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Paul M. Crandell, for appellants.

Robert Stewart (Ralph G. Barclay, on the brief), for respondent.

WOODWARD, J. The plaintiff brings this action to foreclose a mechanic's lien, and has made Johnson and Slocum, the sureties upon a bond given for the purpose of having the lien discharged, parties defendant. These defendants have demurred to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action, and the learned court at Special Term has overruled the demurrer. The defendants appeal to this court.

The undertaking executed by the defendants Johnson and Slocum, and referred to in the complaint, is conditioned for the payment of any judgment which may be rendered against the property in an action to foreclose the lien. We agree with the defendants that they are not liable in this action unless the plaintiff had a valid lien, and this question is open to litigation in this action. Parsons v. Moses, 40 App. Div. 58, 57 N. Y. Supp. 727. We are, however, unable to agree with the contention of the defendants that the notice of lien, made a part of the complaint, is open to the criticism, or that it is within the rule laid down in the cases of Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531, Bossert v. Fox, 89 App. Div. 7, 85 N. Y. Supp. 308, N. J. Steel & Iron Co. v. Robinson, 85 App. Div. 512, 83 N. Y. Supp. 450, and Armstrong v. Chisoln, 100 App. Div. 440, 91 N. Y. Supp. 693. In all of these cases the point decided was, not that it was necessary to state separately the value of labor and materials furnished, but that the notice of lien did not state definitely the facts. The notice is made ineffective as a notice, by failing to state affirmatively the facts which the statute requires to be stated. This is made entirely plain by the discussion of Mr. Justice Hatch in New Jersey Steel & Iron Co. v. Robinson, supra, and the other cases cited. The scheme of the statute is that a proper person, by filing a lien at any time during the progress of the work and the furnishing of materials, gains a lien upon the property improved both for work performed or to be performed, and for materials furnished or to be furnished, provided, of course, such labor and materials are in fact furnished; but a statement in the notice that labor has been or is to be performed is not a statement of fact. What the statute contemplates is that in filing a lien the lienor shall state the labor which has been performed and which is to be performed, or the materials which have been furnished, or which are to be furnished, and to which the lien is to apply, to the end that the owner may know exactly what is involved in the lien. In the case now before us the lienor has complied with this provision. He tells us that:

"The labor performed and to be performed, and the materials furnished and to be furnished (is) all the labor in, toward, and about the brickwork for six (6) buildings four (4) story apartments on the north side of Fourth street, * * * and the agreed price and value thereof is $12,205.57."

It is entirely evident from this notice, and the contract appended to the complaint supports it, that it relates to the work necessary to be

performed in laying the brickwork upon these six buildings, and the fact that the notice refers to "materials furnished and to be furnished" does not detract anything from the statement of facts required by the statute; and, in fact, the contract does provide for furnishing certain materials, such as scaffolding, etc., to be used in the work, but which do not come within the contemplation of the statute, for they are not to be included in the work, but are merely to be used in prosecuting the work.

The notice further states that "the amount unpaid to the lienor for such labor and materials is thirty-four hundred and sixty-five and $^{57}/_{100}$ dollars," together with the other formal statements required by the statute. It is not to be doubted that the notice would be sufficient if the lienor had omitted all reference to materials furnished or to be furnished, and it would be strange, indeed, if the mere surplusage, in no wise calculated to mislead, should operate to make the notice invalid.

We find nothing in the statute which indicates that it is necessary to make a separate statement in reference to these matters, or to indicate what portion is for labor or for materials, and none of the cases to which attention is called decides any such point. A liberal construction of the statute, commanded by section 22, would not seem to demand such a ruling, for the obvious intention is simply to give notice of the true state of facts at the time of the filing of the lien; and when the notice declares that it is for "all the labor in, toward, and about the brickwork," that the agreed price and value thereof is $12,205.57, and that the amount unpaid to the lienor is $3,465.57, no one can be misled in the matter. See Woolf v. Schaefer, 103 App. Div. 567, 571, 93 N. Y. Supp. 184.

We are of opinion that it was not necessary to comply with the provisions of section 814 of the Code of Civil Procedure to maintain this action against the sureties. Morton v. Tucker, 145 N. Y. 244, 40 N. E. 3. The action being in equity, it is proper to bring in all of the interested parties.

We find no reason for reversing the interlocutory judgment, which should be affirmed, with costs. All concur.