EDWARD T. FELGENHAUER and Others, Composing the Firm of E. FELGENHAUER'S SONS, Respondents, *v.* FREDERICK V. HAAS, Defendant, Impleaded with BERTHA VOLKENING, Appellant.

Second Department, December 23, 1907.

**Mechanic's lien — sufficiency of notice.**

A notice of mechanic's lien need not state separately the value of the material furnished and labor performed.

A notice of mechanic's lien is not defective in failing to state how much labor and material had been actually furnished by a sub-contractor and how much had not been furnished by reason of the principal contractor's default, if it states that the labor performed and to be performed and the material furnished and to be furnished consist of iron material and labor necessary for the construction actually used and employed in the erection of the buildings upon the plot of land described, and that the agreed price and value is $2,000, which is the amount unpaid for such labor and material.

Although such notice of lien claims that all of the material has been furnished and all of the labor performed, aggregating $2,000 in value, it is not void for

untruthfulness, even though labor of the value of $120 required to install the material completely has not been performed.

A statement in the notice of lien that the contractor has performed means a substantial, not necessarily a literal, performance.

APPEAL by the defendant, Bertha Volkening, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 18th day of March, 1907, upon the decision of the court, rendered after a trial at the Kings County Special Term, adjudging a certain notice of lien docketed by the plaintiffs to be good and valid.

*Clark B. Augustine* [*Walter B. Hopping* with him on the brief], for the appellant.

*Joseph J. Speth*, for the respondents.

Judgment affirmed, with costs, upon the opinion of Mr. Justice BURR at Special Term.

WOODWARD, JENKS, HOOKER and MILLER, JJ., concurred; HIRSCHBERG, P. J., not voting.

The following is the opinion delivered at Special Term:

BURR, J.:

In August, 1902, the plaintiffs entered into an agreement with the defendant Frederick V. Haas to furnish and set in connection with the erection of a brick building on the south side of Willoughby avenue, forty eight iron beams, four templates and fourteen iron columns. The price to be paid for the material and labor was $2,000.

The furnishing of the material was the important part of the contract. The labor to be performed in connection therewith was comparatively insignificant. The plaintiffs furnished all the materials, set all the templates and twenty-five of the iron beams. Twenty-three of the beams and all of the columns were not set because the defendant Haas did not progress with the construction of the building so as to make it possible for the plaintiffs to do such work. Subsequently Haas abandoned the performance of the work, and on the 4th day of December, 1902, the plaintiffs filed a notice of lien.

In January, 1903, the premises were conveyed to the defendant Bertha Volkening, who took the property charged with notice of lien and of the contents of the paper by which the lien was created. Subsequently she completed the building. She alone defends this action brought for the foreclosure of the plaintiffs' lien. The defense is based upon the invalidity of the lien. *First,* because of the indefiniteness of the notice, and, *second,* because of untruthful statements contained in it.

The defendant claims that the notice of lien is defective because it does not state separately the value of the materials furnished and labor performed. This is not necessary. (*Martin* v. *Gavigan Co.,* 107 App. Div. 279; *Clarke* v. *Heylman,* 80 id. 572.)

In a case like this, where the materials and labor were all included in one contract, for which a gross sum was to be paid, it might be difficult to so specify.

The defendant claims that the notice of lien is defective because it omits to state how much of the material has been already furnished, and how much was to be furnished, and how much of the labor had been performed, and how much was yet to be performed.

The notice contains this language: " The labor performed and to be performed, and the material furnished and to be furnished, consists of iron material and labor necessary for the construction and erection thereof." If this was all that was contained in the notice I should feel that the objection was well taken. (*Finn* v. *Smith,* 186 N. Y. 465.) But, after the language above quoted, these words appear: " Actually used and employed in the erection of buildings upon the plot of land below described, and the agreed price and value thereof is Two thousand dollars, and the amount unpaid to the lienor for such labor and materials is Two thousand dollars."

If the material, prior to the date of the filing of the notice, had been actually used and the labor actually employed, and the amount unpaid was the same as the contract price, it would follow that there was nothing still to be done in the furnishing of either materials or the performance of labor. The words in the alternative in the first part of the sentence might be eliminated and then the notice would read as follows: " The labor performed and the materials furnished consists of iron material and labor necessary for the construction

and erection thereof actually used and employed in the erection of buildings upon the plot of land below described." No criticism could be successfully made upon a notice in that form, and that this construction is proper is sustained by authority. (*Martin* v. *Gavigan Co., supra.*) The objection to the notice of lien for indefiniteness cannot be sustained.

The defendant further criticises the notice of lien for untruthfulness. Although the notice of lien claimed that all of the material had been furnished and all of the labor performed, it appeared that there was still a small amount of labor to be done in connection with the setting of some of these beams and of all of the columns. The plaintiffs testified that the entire cost of this work unperformed would not exceed the sum of $91. I have concluded from the evidence that this is a low estimate, and that $120 would represent the cost of this additional labor. The notice of lien was, therefore, inaccurate in this respect. But the fact that the notice was inaccurate is not enough to destroy its validity. Where a party to a building contract states in a notice to create a lien that he has performed it, this means a substantial and not necessarily a literal performance. (*Ringle* v. *Wallis Iron Works*, 149 N. Y. 439.) That this contract was substantially performed is established by the evidence. If a party willfully and intentionally grossly exaggerates the amount due so that the court should conclude that it was done for the purpose of enforcing a false and fictitious demand, such exaggeration might be sufficient to destroy the validity of the notice of lien. (*Aeschlimann* v. *Presbyterian Hospital*, 165 N. Y. 296.) But a mere innocent mistake, not a willfully and intentionally false statement, does not have this effect. (*American Mortgage Co.* v. *Butler*, 36 Misc. Rep. 253.) There is no evidence in this case of any bad faith on the part of the lienor nor any willful intention to present and attempt to enforce an exaggerated claim against the property. In view of the fact that the labor yet to be performed was comparatively insignificant and that the lienor might and probably would, upon request, have performed that labor, I do not think that a mere error in stating that the whole $2,000 was due, when according to his claim there was only $1,909 due, would justify the court in withholding from him the right to enforce his lien against the premises described in the notice thereof.

There must be judgment for the plaintiffs for the sum of $1,880, with interest from the 4th day of December, 1903, and for a foreclosure of the plaintiffs' lien against the premises described therein for that amount, with the costs of this action.