Laws 1878, p. 160, c. 152. The further objections relate to the absence of a venue in one affidavit, and the regular form of the oath of assessor. Formerly such errors were fatal. Shattuck v. Bascom, 105 N. Y. 44, 12 N. E. 283; People ex rel. Gillies v. Suffern, 68 N. Y. 321; Inman v. Coleman, 37 Hun, 170. But since the passage of chapter 448, p. 758, Laws 1885, applicable to Warren county, such defects are deemed cured by lapse of time. Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322; Laws 1893, p. 1768, c. 711, § 11 et seq.; Laws 1896, p. 841, c. 908, § 131 et seq. Furthermore, all the errors and irregularities complained of might have been cured by application to the Comptroller under the provisions of section 132 of the tax law. The provisions of section 131 of the law have therefore application as a statute of limitations which has run against the defendant. Meigs v. Roberts, supra; Wallace v. McEchron, 176 N. Y. 424, 428, 68 N. E. 663. It follows that at the time the defendant did the cutting title to the land had passed to the plaintiffs, and defendant's right or interest therein had been extinguished, and the cutting constituted a trespass for which the plaintiffs may recover.

Let findings of fact and conclusions of law be submitted in accord with this opinion, according judgment to the plaintiffs, with costs.

Ordered accordingly.

---

(60 Misc. Rep. 239.)

### SPRING v. COLLINS BLDG. & CONST. CO. et al.

(Supreme Court, Special Term, New York County. July, 1908.)

1. MECHANICS' LIENS (§ 122*)—NOTICE—VALIDITY.

A notice of mechanic's lien claims for the principal and interest is invalid, for the reason that the value or the agreed price of the labor performed is neither stated nor can it be inferred from a reading of the notice.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 168; Dec. Dig. § 122.*]

2. MECHANICS' LIENS (§ 303*)—PERSONAL JUDGMENT.

Where plaintiff, in an action to foreclose a mechanic's lien, has failed to establish the lien, he is entitled under Code Civ. Proc. § 3412, to recover judgment for such sums as were due him by any party to the action.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 628; Dec. Dig. § 303.*]

3. JURY (§ 25*)—RIGHT TO JURY TRIAL—WAIVER.

In an action to foreclose a mechanic's lien, a demand for trial of issues by a jury was made too late if not made before evidence was produced.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 159; Dec. Dig. § 25.*]

4. MECHANICS' LIENS (§ 303*)—PERSONAL JUDGMENT.

Where plaintiff was refused permission to complete a building, he is entitled in an action to foreclose an alleged lien to a judgment for the value of the work actually performed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 628; Dec. Dig. § 303.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by David Spring against the Collins Building & Construction Company and others to foreclose a lien. Judgment for plaintiff.

Einstein, Townsend & Guiterman, for plaintiff.
David H. Spring and Morris Hyman, for defendants.

AMEND, J. Action to foreclose a mechanic's lien. The notice states that the plaintiff has and claims a lien "for the principal and interest of the value and agreed price of the labor performed and to be performed," and that "the labor performed and to be performed is carpenter work and floor laying, and the agreed price and value thereof is thirty-seven hundred dollars." At the close of the plaintiff's case, the defendants moved to dismiss upon the ground that the lien was invalid, and demanded that the remaining issues be tried by jury.

The lien must be held to be invalid, for the reason that the value or the agreed price of the labor performed is neither stated nor can it be inferred from a reading of the notice. Finn v. Smith, 186 N. Y. 465, 79 N. E. 714. Section 3412 of the Code of Civil Procedure, however, provides that, if the lienor should fail for any reason to establish a valid lien, he might recover judgment for such sums as were due him, or which he might recover in an action upon a contract, against any party to the action. It has been held that under this section of the Code the lienor is entitled to a personal judgment if he establishes his cause of action, notwithstanding that he may fail to establish a valid lien. Bradley & Currier Co. v. Pacheteau, 175 N. Y. 492, 67 N. E. 1080. The defendant's demand for a trial of the remaining issues by a jury was made too late. While it seems that he had such a right (Hawkins v. Mapes-Reeves Const. Co., 82 App. Div. 72–78, 81 N. Y. Supp. 794), nevertheless he waived it by failing to make his demand therefor before any evidence was produced. Code Civ. Proc. § 1009; Kenney v. Apgar, 93 N. Y. 540, 550; Marshall v. De Cordova, 26 App. Div. 615, 620, 50 N. Y. Supp. 294. People v. Albany & Susquehanna R. R. Co., 57 N. Y. 161, is distinguishable from the case at bar. In that case the defendant, like the defendant here, made his demand for a jury trial at the close of the plaintiff's case, and it was held that he did not waive his right to such a trial by deferring his demand until that time. But the court in that case placed its decision upon the ground that the only manner in which a jury trial could be waived was that expressed in section 266 of the old Code of Civil Procedure, which provided that it might be done by failing to appear upon the trial, by written consent filed with the clerk, or by oral consent in open court entered in the minutes. No other method was provided for the waiver of such a right. Section 1009 of the Code of Civil Procedure contains an additional provision, viz., that such right may be waived by failure to make a demand therefor before the production of any evidence. In Kenney v. Apgar, supra, the demand for a trial by jury was made after the examination of a witness was commenced but before the plaintiff rested his case. The trial court held that the demand was made too late, and the Court of Appeals said that the trial court's denial of the defendant's demand could be upheld upon that ground. The facts are resolved in favor of the plaintiff. He was

refused permission to complete the work and is entitled to judgment against the defendant the Collins Building & Construction Company, for the value of the work actually performed, which I find to be $1,-209.50.

Judgment accordingly, with interest.