, BARRETT v. JOHN V. SCHAEFER, JR., & CO., et al.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

1. MECHANICS' LIENS (§ 146*)—NOTICE OF LIEN—VALIDITY.

　　Under Lien Law (Consol. Laws, c. 33) § 3, giving contractors, subcontractors, laborers, or materialmen a lien, and section 9, requiring the notice of lien to state the name and residence of the parties, the labor performed or to be performed, or materials furnished or to be furnished, and the agreed price or value thereof, and section 10, authorizing the filing of notice of lien during the progress of the work or furnishing of the materials, or within 90 days after the completion of the contract, a notice of lien by a materialman, which shows that he furnished millwork for a building for a specified value or agreed price, and which recites "the time when the first item of work was performed or materials furnished" and "the time when the last item of the work was performed or materials were furnished," was valid as a notice of a lien for materials, though in the alternative form, and the averments therein as to items of work must be ignored as surplusage.

　　[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 246–252; Dec. Dig. § 146.*]

2. MECHANICS' LIEN (§ 139*)—NOTICE OF LIEN—VALIDITY.

　　A notice of lien, which sets forth the labor performed and to be performed, and the materials furnished and to be furnished, and the agreed price and value of the labor and material, and a total agreed price and value of the labor and material and the amount unpaid, with a statement when the first and last items of work were performed and the first and last items of material were furnished, showed that the amount due the lien claimant was stipulated, justifying the inference that there was an entire agreement to furnish the material and do the work for the aggregate amount, of which amount the sum specified as unpaid was due, and was sufficient under the lien law (Consol. Laws, c. 33).

　　[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 234–236; Dec. Dig. § 139.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

**3. MECHANICS' LIENS (§ 202*)—ASSIGNMENTS—VALIDITY—STATUTORY PROVISIONS.**

An instrument, whereby a building contractor assigned to a third person all his rights, to the extent of a specified sum, in the balance and final payments, as per statements attached, which would become due under a contract for the erection of buildings and which authorized and directed the owner to pay the third person the specified sum and to deduct the same from the final payments and balance on contract when due, and appointed the assignee attorney in fact with power to collect from the owner the specified sum and to execute a proper receipt, does not give the assignee the right to assert a lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 375; Dec. Dig. § 202.*]

**4. MECHANICS' LIENS (§ 202*)—ASSIGNMENTS—VALIDITY—STATUTORY PROVISIONS.**

The instrument may not be sustained as a valid assignment under Lien Law (Consol. Laws, c. 33) § 15, authorizing assignments of contracts when there was a failure to file the contract or a statement of the substance thereof or a copy of either, and the instrument, if deemed an equitable assignment, as being an order for payment of money, is not enforceable because still subject to section 15.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 375; Dec. Dig. § 202.*]

Jenks, P. J., and Rich, J., dissenting in part.

Appeal from Special Term, Westchester County.

Action to foreclose a mechanics' lien by Edward P. Barrett against John V. Schaefer, Jr., & Co., and others. From a part of the judgment plaintiff appeals, and from the whole of the judgment certain of the defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Henry R. Barrett, of White Plains, N. Y. (Henry W. Eaton, of New York City, and Floyd M. Grant, on the brief), for plaintiff.

Victor E. Whitlock, of New York City, for defendant Hudson Trust Co.

Norbert Heinsheimer, of New York City, for defendant Traitel Marble Co.

Wilson R. Yard, of Pleasantville, for defendants Marshall & Hufcutt and others.

William A. Moore, of New York City, for defendants Mezullo and others.

Otto A. Samuels, of New York City, for defendants Craig & Brown.

PER CURIAM. This is an action to foreclose a mechanic's lien. The controversy presents attack and counter attack by various of the alleged lienors upon the ground of fatal defects in many of the liens. There are four liens which we will discuss, because upon the question of their validity the court is not in agreement. Two are filed by the plaintiff Barrett, one by the White Plains Trim Company, and one by the Lieberman & Sanford Company. All the liens save these are valid.

[1] The defect asserted to exist in the two notices of lien filed by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the plaintiff Barrett arises from the statement contained in the notices that:

"The time when the first item of work was performed or materials furnished was on the 20th day of May, 1910, and the time when the last item of such work was performed or materials were furnished was on the 7th day of February, 1912."

The corresponding requirement of the Lien Law (section 9, subd. 6, c. 38, Laws of 1909, constituting chapter 33 of the Consolidated Laws) reads:

"The notice of lien shall state: * * * The time when the first and last items of work were performed and materials were furnished."

The criticism is that the statement in the notice is in the disjunctive. The authority for the condemnation is the line of cases beginning with Bradley & Currier Co. v. Pacheteau, 71 App. Div. 149, 75 N. Y. Supp. 531; Id., 175 N. Y. 492, 67 N. E. 1080, in which liens were condemned because, owing to statements made in the alternative, facts which the statute required to be stated were not definitely stated. The reason for the rule declared in those cases has no application to the question in this case.

"The statute requires the lienor to state explicitly or by plain inference the value or the agreed price of the labor performed or materials furnished at the time of the filing of the lien. Finn v. Smith, 186 N. Y. 465 [79 N. E. 714]. Hence a statement in the alternative of the labor performed or to be performed, etc., is not an affirmation of any fact required to be stated. The fact may be either the one or the other, whereas the statute requires an explicit statement of what the fact is." Abelman v. Myer, 122 App. Div. 470, 471, 106 N. Y. Supp. 978, 979.

The information as to the labor performed or the materials furnished, and the agreed price or value thereof, is for the purpose of apprising the owner so that he may, upon inquiry, ascertain whether the materials have been actually furnished or not, and the value of the same. Vogel v. Luitwieler, 52 Hun, 184, 189, 5 N. Y. Supp. 154. The object of the provision requiring the notice to state the time when the first and last items of work were performed and materials were furnished is, so far as the latter requirement is concerned, to establish whether the labor was performed or the materials were furnished during the progress of the work, or whether 90 days had elapsed since the completion of the contract, or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or of materials furnished. Section 10, Lien Law, ut supra.

A lien is available to four classes: Contractors, subcontractors, laborers, or materialmen. Section 3, Lien Law, ut supra. Section 9 of the Lien Law requires what the notice of lien shall state, irrespective of the class to which the person making and filing the notice belongs.

In the notices filed it appears that the lienor was a materialman and that what he furnished was trim—sash, door, trim, and other building material and millwork—and any reference in his notice to labor should be considered as labor incidental to the manufacture of his material. Felgenhauer v. Haas, 123 App. Div. 75, 76, 108 N. Y. Supp. 476; Martin v. Gavigan Co., 107 App. Div. 279, 283, 95 N. Y. Supp. 14; Clarke

v. Heylman, 80 App. Div. 572, 576, 80 N. Y. Supp. 794. The entire notice may be considered in construing any particular part of it, and where it appears in the notice that the lienor is a materialman, and that what he asserts is a lien for the principal and interest for the value or agreed price of materials, he is not required to state separately the time when the first and last items of work were performed, and any reference to items of work contained in his statement, made in an attempted compliance with subdivision 6 of section 9 of the Lien Law, may be ignored as surplusage. Vitelli v. May, 120 App. Div. 448, 450, 104 N. Y. Supp. 1082; Schwartz v. Lewis, 138 App. Div. 566, 568, 123 N. Y. Supp. 319; Felgenhauer v. Hass, ut supra.

"As to the 'time and dates of work done and materials furnished for which a lien is claimed, all that is required is such certainty as will enable those interested to discover during what period the materials were delivered or the work [was] done so as to individuate the transaction." 27 Cyc. 182, cited with approval in Hurley v. Tucker, 128 App. Div. 580, 586, 112 N. Y. Supp. 980, 985, affirmed 198 N. Y. 534, 92 N. E. 1087.

We determine that the two notices of lien filed by the plaintiff Barrett are free from defect; and, as the only objection against the lien filed by defendant White Plains Trim Company is a similar alleged defect, we pronounce it valid also.

[2] The Lieberman & Sanford Company notice provides:

"(4) The labor performed was setting iron and glass doors, iron stair, bronze saddles, iron lamps, iron ladder. The labor to be performed is to set wrought iron grilles, and quarter-inch plate glass indoors. The material furnished was iron entrance doors, iron stairs, bronze saddles, iron lamps and iron ladder. The material to be furnished is quarter-inch plate glass in entrance doors. The agreed price and value of said labor is ten hundred seventy and 63/100 dollars. The agreed price and value of said material is eighteen hundred seventy-eight 37/100 dollars or total for labor and materials twenty-nine hundred fifty dollars.

"(5) The amount unpaid to the lienor for such labor and material is seven hundred and fifty dollars.

"(6) The time when the first items of work were performed was April 11, 1911, and the time when the first items of material were furnished was April 11, 1911. The time when the last items of work were performed was December 5, 1911, and the time when the last items of material were furnished was February 27, 1912."

The contract as to the labor was entire, as was the contract for the material, and it is exactly stated when the first items of work were done and the first items of material were furnished, and when the last item of work was done and the last item of material furnished. The items of labor to be performed and the items of material to be furnished are clearly stated. The statute (section 9, subd. 4) requires that the notice shall state "the labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof." In Toop v. Smith, 87 App. Div. 241, 84 N. Y. Supp. 326, the notice did not state what materials were furnished or what work was done. No specifications or drawings appeared in or in connection with the notice of lien. Attention is not directed to the omission to state the price. The decision was affirmed in 181 N. Y. 283, 73 N. E. 1113, where, after a reference to the contents of the notice, Judge Werner wrote:

"We think this recital will be scanned in vain, either (1) for any statement of labor performed, (2) or to be performed, (3) or materials furnished, (4) or to be furnished."

Then the opinion tends to the concession that, if the specifications and drawings had been attached to the notice, there would have been a substantial compliance with the statute. Finn v. Smith, ut supra, held that:

"Under the statute any notice of lien must state either explicitly or by plain inference the value or the agreed price of the labor performed or materials furnished at the time of filing thereof."

A notice is not to be denounced as defective if under certain circumstances it may be declared valid. The lien is restricted by express provision of statute to the principal and interest of the value or agreed price or labor performed and materials furnished. Lien Law, art. 2, § 3; Doll v. Coogan, 48 App. Div. 121, 62 N. Y. Supp. 627, affirmed 168 N. Y. 656, 61 N. E. 1129; O'Reilly v. Mahoney, 123 App. Div. 275, 108 N. Y. Supp. 53. A state of facts may exist where, during the progress of the work and before the entire work is done or all the materials furnished, one entitled to a lien may file his notice for the whole contract price and assert a lien therefor, provided the balance of the contract is thereafter fully completed according to its terms. Lien Law, § 10; Heinlein v. Murphy, 3 Misc. Rep. 47, 48, 22 N. Y. Supp. 713. See Firth v. Rehfeldt, 30 App. Div. 326, 331, 51 N. Y. Supp. 980, affirmed 164 N. Y. 588, 58 N. E. 1087. The notice sets forth the labor performed and to be performed, and the materials furnished and to be furnished, the agreed price and value of the labor, the agreed price and value of the material, and a total agreed price and value of the labor and material, and the amount unpaid, together with a statement when the first and last items of work were performed and the first and last items of material were furnished. Inasmuch as the amount due the lienor was stipulated, we have no knowledge except that that comes from the lien itself, and it is inferable therefrom that there was an entire agreement to furnish the material and do the work for the sum of $2,750, of which the amount of $750 is unpaid. The notice shows that there was one agreement, one transaction, a statement of the gross price for all the labor and of a gross price for all the material, and the union of the two prices in a gross sum for both labor and material. Where the contract is entire both as to labor and material, and there is a gross sum, and the notice shows it, and what has been done and what has been left undone, and the amount unpaid, the demand of the statute has been met. In such case it is not necessary, nor is it generally practicable, that the agreed price should be disregarded and that the person furnishing the labor and material should preserve data of the labor and material furnished and make an estimate of the value of labor or material undone or unfurnished, for the purpose of stating the value of such labor and such material. Full information is furnished by showing the transaction between the parties. The notice is without defect, and the lien of Lieberman & Sanford Company is valid. Felgenhauer v. Haas, ut supra; Martin v. Gavigan Co., ut supra; Woolf

v. Schaefer, 103 App. Div. 567, 571, 573, 93 N. Y. Supp. 184; Clarke
v. Heylman, ut supra.

[**3, 4**] The defendant Hudson Trust Company makes a claim on the
moneys due, which constitute the fund out of which the liens are pay-
able. The amount of its claim would practically exhaust the fund.
The validity of its claim is presented for adjudication by virtue of an
assignment which reads:

"For and in consideration of the sum of twenty-five thousand ($25,000.00)
dollars, lawful money of the United States, paid by the Hudson Trust Com-
pany, Thirty-Ninth St. & Broadway, Manhattan borough, city of New York,
to John V. Schaefer, Jr., & Co., the said John V. Schaefer, Jr., & Co., here-
by assigns all rights, title and interest to the extent of twenty-five thousand
($25,000.00) dollars in the balance and final payments as per statement
herewith attached which will become due under contract between said John
V. Schaefer, Jr., & Co., and the Hebrew Sheltering Guardian Society of New
York (Orphan Asylum) for the erection of twenty-eight (28) buildings at
Pleasantville, New York, and hereby authorizes and directs the said Hebrew
Sheltering Guardian Society of New York (Orphan Asylum) to pay the said
Hudson Trust Company the said sum of twenty-five thousand ·($25,000.00)
dollars and to deduct the said amount from the said final payments and
balance of contract when same becomes due and owing to the said John
V. Schaefer, Jr., & Co. from said Hebrew Sheltering Guardian Society of
New York (Orphan Asylum) under the terms of said contract, and the said
John V. Schaefer, Jr., & Co. does hereby make, constitute and appoint the
said Hudson Trust Company its attorney in fact with full power and au-
thorizes it to collect and receive from the said Hebrew Sheltering Guardian
Society of New York (Orphan Asylum) said sum . of twenty-five thousand
($25,000.00) dollars to execute and deliver a proper receipt of said amount
in the name of the said John V. Schaefer, Jr., & Co.

"John V. Schaefer, Jr., & Co.,
"John V. Schaefer, Jr., President."

In the first place, we think that as assignee the Hudson Trust Com-
pany could not assert a lien. Rollin v. Cross, 45 N. Y. 766; Tisdale
Lumber Co. v. Read Realty Co., 154 App. Div. 270, 138 N. Y. Supp.
829. In the second place, the law specifically provides that no such
assignment shall be valid until the contract or a statement containing
the substance thereof, and such assignment, or a copy of each, be filed
in the office of the county clerk. Lien Law, ut supra, § 15. It is not
disputed that neither the contract nor a statement containing the sub-
stance thereof, nor a copy of either, was filed. The contention of the
trust company, however, is that the language contained in the assign-
ment was sufficient to constitute "a statement containing the substance"
of the contract. A reading of the assignment does not indicate that
there was any attempt to comply with the statute by including such 'a
statement in the assignment, but the expressions therein relied upon
to support this contention are but simply in the barest identification
of the contract which is the basis of the assignment. This is not a
statement containing the "substance" of the contract, but merely a de-
scription of the contract. Not·even the purchase price is given. It
does not appear, even, that there was even a statement "herewith at-
tached." Here is a plain omission of an explicit provision of the stat-
ute, which requires the filing of the assignment and the contract or a
statement. There is a long and labored discussion as to the liberal
construction and substantial compliance required by the statute itself,

but this does not mean that we can disregard omissions even to comply with the requirement of the statute, when there is no attempt at compliance. As was said in Mahley v. German Bank, 174 N. Y. at page 501, 67 N. E. at page 118:

"But under the most liberal rule of construction we cannot find anything in the notice that even attempts to state when the first item of work was done or anything from which that time may be inferred. It is true that the particular advantage or object of requiring this fact to be stated is not readily apparent, but the statute has expressly required it. Errors in the notice may be disregarded, and it is not necessary that the precise verbiage of the law should be followed. But the provision of the statute that the law shall be construed liberally does not authorize the courts to entirely dispense with what the statute says the notice shall contain. We are therefore constrained to hold the notice of lien insufficient."

In Bradley & Currier Co. v. Pacheteau, ut supra, it is said:

"The liberal construction provided for in the statute assumes that the statute has, at least in form, been complied with, and that was not done here. To give this notice any other construction would in effect be holding that a lien might be acquired by the filing of a notice, no matter how defective, and irrespective of whether or not it complied with the statute at all."

See, too, Bradley & Son v. Huber Co., 146 App. Div. 631, 131 N. Y. Supp. 388; Schwartz v. Lewis, ut supra.

"A liberal construction is that by which the letter of the statute is enlarged or restrained so as more effectually to accomplish the purpose intended." Weltman v. Posenecker, 44 N. Y. Supp. 406.

See Sutherland on Statutory Construction, § 430.

If this is an equitable assignment, as is contended, it was subject to the same section 15 of the Mechanic's Lien Law. Harvey v. Brewer, 178 N. Y. 7, 70 N. E. 73.

But this appellant also contends that this assignment may be read as an order. The purpose of this contention is to avoid the necessity of filing the contract. See Brace v. City of Gloversville, 167 N. Y. 457, 60 N. E. 779. Of course, it never was intended as an order, but the effort is to twist it into one. It is an "order" in the sense that perforce of the assignment, and naturally in furtherance of it, it authorizes and directs the debtor to pay. The "order" is regarded by the appellant as an equitable assignment (not in the nature of a bill of exchange; there is no acceptance), e. g., Parker v. City of Syracuse, 31 N. Y. 379, Foster v. Dayton, 10 Daly, 228. Thus on page 13 of his points this appellant says:

"That an order such as is contained in the instrument given by the contractor to the Hudson Trust Company is sufficient as an equitable assignment is also established in the following authorities."

But suppose it is an equitable assignment; it is still subject to section 15, ut supra.

We hold the assignment not to be a valid claim against the fund.

The judgment appealed from should be affirmed, without costs.

JENKS, P. J., and RICH, J., dissenting in part.

JENKS, P. J.   I dissent in part.   I think that the controlling policy of consideration was well expressed by Bartlett, J., in Lemmer v. Morison, 89 Hun, at page 279, 35 N. Y. Supp. 624:

"As these are matters of purely statutory creation and regulation, it seems to me that a strict adherence to the letter of the law is more conducive to justice than a looser construction with the uncertainties which it would necessarily involve."

The express requirement of a statute cannot be dispensed with because "the particular advantage or object" of a requirement is not "readily apparent."   See Mahley v. German Bank, 174 N. Y. 501, 67 N. E. 118.   And liberal construction prescribed even by the terms of the very statute itself does not, to my mind, authorize the entire dispensation of an express provision thereof.   Id.

I think that the first notice of lien filed by the plaintiff is bad.   The provision thereof "that the time when the first item of work was performed or materials furnished was on the 20th day of May, 1910, and the time when the last item of such work was performed or materials were furnished was the 7th day of February, 1912," is defective for the reason that the alternative expression is indicated by the word "or" state neither one fact nor the other.   Bradley & Currier Co. v. Pacheteau, 71 App. Div. 148, 75 N. Y. Supp. 531, affirmed as to this feature 175 N. Y. 492, 67 N. E. 1080, and approved in Finn v. Smith, 186 N. Y. 465, 79 N. E. 714, Abbott v. Easton, 195 N. Y. 375, 88 N. E. 572. See, too, New Jersey Steel & Iron Co. v. Robinson, 85 App. Div. 512–516, 83 N. Y. Supp. 450, affirmed 178 N. Y. 632, 71 N. E. 1134, and approved in Finn v. Smith, supra.   This objection obtains in the plaintiff's second notice and in the notice of the White Plains Trim Co. In Bradley & Currier Co. v. Pacheteau, supra, it is said:

"The liberal construction provided for in the statute assumes that the statute has, at least in form, been complied with, and that was not done here. To give this notice any other construction would in effect be holding that a lien might be acquired by the filing of a notice, no matter how defective, and irrespective of whether or not it complied with the statute at all."

I think that the notice of the Lieberman & Sanford Company is defective in that it fails to separate the labor done and to be done, likewise the materials, and states one total agreed price and value.   See Finn v. Smith, supra; Toop v. Smith, 87 App. Div. 241, 84 N. Y. Supp. 326, affirmed 181 N. Y. 283, 73 N. E. 1113.

I am authorized by Mr. Justice RICH to state that he concurs with me.