JACOB RINGLE et al., Appellants and Respondents, *v.* THE WALLIS IRON WORKS, Respondent and Appellant, Impleaded with THE SOUTHERN PACIFIC COMPANY.

1. MECHANIC'S LIEN — EFFECT OF UNTRUE STATEMENTS IN NOTICE. If it is the law (which is not decided) that a party by inserting, in a notice of mechanic's lien, statements of fact which are shown to be untrue, thereby forfeits the right to a lien, and renders the notice void or ineffectual to create a lien, still, the liberal construction which must be given to the statute (Laws of 1885, chap. 342, § 25) requires that the statements, to have that effect, must be not only untrue, but willfully and intentionally false in some important or material respect.

2. STATEMENTS IN NOTICE OF LIEN NOT LITERALLY TRUE — UNINTEN-TIONAL OMISSION TO PERFORM THE CONTRACT — COMPLETION OF WORK BY OWNER — PRESERVATION OF BENEFITS OF CONTRACT AND LIEN. When a building contract provides that in case the contractor fails to complete the work on notice the owner may do so at the contractor's expense, and it appears that the contractor intended to perform the contract in good faith, but omitted to do so in a comparatively slight particular, and there is nothing to show that the omission was willful or fraudulent, or other than the result of an honest error, and the contractor files a notice of mechanic's lien, stating that the contract has been performed and that the contract price is due, and is not notified of his omission until after such filing, and the owner then completes the work and charges the expense to the contractor, the court, in an action to foreclose the lien, is warranted in finding that the contractor had substantially performed his contract, and in holding that he had not forfeited the benefits of his con-tract and in sustaining his lien, with the proper deduction of the expense of completing the omitted work.

3. NOTICE OF LIEN — STATEMENT OF PERFORMANCE. When a party to a building contract states, in a notice to create a mechanic's lien, that he has performed the contract, this means a substantial and not necessarily a literal performance.

4. ASSUMPTION AS TO FALSITY OF STATEMENT IN NOTICE OF LIEN. It must be an exceptional case where an appellate court will be warranted

in assuming that an incorrect statement in a notice of mechanic's lien that the contract has been performed, or that the contract price is due, is a false statement within the meaning of the rule on the subject.

*Ringle* v. *Wallis Iron Works,* 76 Hun, 449, modified.

. (Argued April 22, 1896; decided May 26, 1896.)

CROSS-APPEALS from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 5, 1894, which modified, and as modified affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*T. C. Ennever* and *Hudspeth & Collier* for plaintiffs. The finding "That on December 30, 1891, the plaintiffs' work, etc., under said contract was substantially completed" was proper. (*Glacius* v. *Black,* 50 N. Y. 145; *Heckmann* v. *Pinkney,* 81 N. Y. 213; *Woodward* v. *Fuller,* 80 N. Y. 312; *Nolan* v. *Whitney,* 88 N. Y. 648; *Flaherty* v. *Miner,* 123 N. Y. 382; *Van Clief* v. *Van Vechten,* 130 N. Y. 579; *Phillip* v. *Gallant,* 62 N. Y. 264; *Gaskell* v. *Beard,* 58 Hun, 101; *Foster* v. *Schneider,* 50 Hun, 151.) If it is held that the plaintiffs did not substantially complete the contract, but abandoned the same and the Wallis Iron Works completed the same, then the plaintiffs' lien attaches to the extent of the difference between the cost of completion and the amount unpaid under the contract when the lien was filed, and the court did not err in so finding. (*Ogden* v. *Alexander,* 140 N. Y. 356; *Weeks* v. *O'Brien,* 141 N. Y. 199; *Van Clief* v. *Van Vechten,* 130 N. Y. 571.) The finding that $3,259 or thereabouts was owing plaintiffs at the time of completion of the work and when the lien was filed was proper. (*U. S.* v. *State Bank,* 6 Pet. 29; *Allen* v. *Patterson,* 7 N. Y. 479; *Keteltas* v. *Myers,* 19 N. Y. 231; *Mull* v. *Jones,* 45 N. Y. S. R. 643; *Van Clief* v. *Van Vechten,* 130 N. Y. 577.) The plaintiffs acquired a valid lien. (*Gaskell* v. *Beard,* 58 Hun, 101; *Mull* v. *Jones,* 45 N. Y. S. R. 643; *Brandt* v. *Verdon,*

44 N. Y. S. R. 885; *Nunan* v. *Doyle*, 28 J. & S. 377; 139 N. Y. 643.) The court had power to render a personal judgment against the Wallis Iron Works. (*Burroughs* v. *Tostevan*, 75 N. Y. 571; *Weyer* v. *Beach*, 79 N. Y. 409; *Childs* v. *Bostwick*, 65 How. Pr. 16.)

*William G. Wilson* for defendant. Plaintiffs never acquired a valid lien, and the General Term was right in striking out so much of the Special Term judgment as declared and established such lien. (*Van Clief* v. *Van Vechten*, 130 N. Y. 579; *Brandt* v. *Verdon*, 44 N. Y. S. R. 887; *Foster* v. *Schneider*, 50 Hun, 151; *Close* v. *Clark*, 16 Daly, 91; *Luscher* v. *Morris*, 18 Abb. [N. C.] 67.) There was no authority for the rendition of the personal judgment against this defendant, and the General Term erred in not wholly reversing and vacating the same. (Laws of 1885, chap. 342, § 15; Laws of 1884, chap. 402; *Weyer* v. *Beach*, 79 N. Y. 409; *Burroughs* v. *Tostevan* 75 N. Y. 567; *McKenna* v. *Edmundstone*, 91 N. Y. 231; *Hickey* v. *Brien*, 11 Daly, 292; *Childs* v. *Bostwick*, 12 Daly, 15; *Davison* v. *Jersey Co.*, 71 N. Y. 333; *Sternberger* v. *McGovern*, 56 N. Y. 12; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Beck* v. *Allison*, 56 N. Y. 366; *Haffey* v. *Lynch*, 143 N. Y. 241.)

O'BRIEN, J. This was an action to foreclose a mechanic's lien and the Special Term sustained the plaintiffs' claim and granted the relief demanded in the complaint. The General Term, however, has modified the judgment in a very material respect, holding that the plaintiffs had not established the lien and were not entitled to any relief but a personal judgment for the amount of the demand, which was reduced by the deduction of four months' interest.

The trial court has found that, on July 15, 1891, the plaintiffs made a written contract with the defendant, the Wallis Iron Works, to perform certain work and furnish certain materials in the construction of a freight shed on a pier in the North river, in the city of New York. The plaintiffs' part

56

of the work was to furnish and complete the tin roofing and painting thereof, the galvanized iron work, including cornices, leaders, etc., according to specifications attached to and made part of the contract. The price to be paid by the defendant for this work was $3,259. It has also been found that prior to the execution of this agreement the defendant, The Wallis Iron Works, had entered into a contract with the Southern Pacific Company to erect the shed and furnish all the materials for the sum of $17,500. The trial court found that the plaintiffs had substantially performed this contract on the 30th of December, 1891, and within ninety days thereafter, not having been paid, they filed the notice of lien. The notice stated, in substance, that the contract had been performed, and that the price stipulated to be paid was due.

The learned General Term has held that these statements in the notice were false, and the notice thereby vitiated; and, as a result, no lien attached. I think that this conclusion cannot be sustained upon any fair construction of the statute or the facts in the case, or upon general principles of equity or justice.

The Mechanics' Lien Law (Laws of 1885, ch. 342) contains within itself the principle of construction which the courts are to apply in considering its various provisions. It is declared to be a remedial statute, to be liberally construed in aid of every beneficial purpose which was contemplated in its enactment, and that a substantial compliance with its provisions will be sufficient to uphold the lien. (§ 25.) It was, doubtless, intended that the notice of lien should contain a truthful statement of the facts, since it was required to be verified by the oath of the party making the claim, and this is generally true of every pleading or other paper intended to be the foundation of a judicial proceeding. But if, for any reason, it should turn out that it was not true in every particular, does it follow that it is wholly void and ineffectual to create the lien? It is quite certain that the statute itself does not in terms declare any such result as a consequence of any statement in the notice which may be shown to be untrue. What-

ever authority there may be to support the view that a notice of lien is void or ineffectual in consequence of untruthful statements of fact is the result of judicial construction, and not of any express declaration of the statute.

This court has not yet been committed, so far as I have been able to ascertain, to the doctrine that a party, by inserting statements of fact in the notice of lien which are shown to be untrue, thereby forfeits the right to a lien and renders the notice void or ineffectual to create a lien. Cases have been cited from the Supreme Court and other courts in support of this proposition. We will not now stop to inquire whether this qualification has been properly engrafted upon the statute, and if so, to what limitations such a rule should be subjected. It is quite clear that the cases refer to statements in the notice that are not only untrue but willfully and intentionally false in some important or material respect. (*Foster* v. *Schneider*, 50 Hun, 151; *Close* v. *Clark*, 16 Daly, 91.) In the opinion of the learned General Term in this case that principle is clearly recognized, and the effect of an untrue statement in the notice limited to such cases. It is obvious that the liberal construction which the legislature intended should accompany the administration of the statute, will not permit a lien to be defeated upon grounds that are less substantial. There is no finding in this case that any statement in the notice was willfully or intentionally false. On the contrary, the learned trial judge, when requested by the defendant, refused to find even that any of the statements were false. He did find, as we have seen, that when the notice was filed, the plaintiffs had substantially performed their contract. The lien has been defeated by a resort to the evidence in the case, from which the following facts appear, and were found by the learned trial judge : The contract required the plaintiffs to construct, in the old portion of the shed, two new gangway openings, including frames and doors. The plaintiffs did not make these openings, but by what the trial court has, in my judgment, very properly designated an honest mistake, supposed that they had completed the con-

tract on the 30th of December, 1891, and left the work. The evidence in the case indicates that the cost of cutting and completing these openings would be about $35, but the defendants paid $121.90 for it. It is perfectly evident that the plaintiffs intended to perform and complete the contract in good faith, and there is no reason to believe that the omission to make the openings was willful or fraudulent or otherwise than the result of an honest error on their part. Their attention was not called to this omission until the day that the lien had been filed, and, after the filing, more than forty days after they had left the work, supposing it had been completed, when the defendant addressed a letter to them, requiring them to complete the work on or before February 23, 1892, or, in case they failed, the defendant would cause the work to be done at the plaintiffs' expense. There was a provision in the contract which permitted the defendant to make the openings and complete the work under these circumstances, and charge the expense to the plaintiffs; and this the defendant proceeded to do. The work was thus completed, and the cost charged to the plaintiffs and deducted by the court from the contract price. That the trial court was justified in finding upon this state of facts, as it did, that the plaintiffs had substantially performed the contract cannot, I think, be doubted. It would be contrary to reason and justice as well as to the general doctrine of the adjudged cases, as I understand them, to hold that the plaintiffs had forfeited the benefit of their contract in consequence of such a slight omission, occurring under such circumstances as are disclosed by the case. (*Glacius* v. *Black*, 50 N. Y. 145; *Heckmann* v. *Pinkney*, 81 N. Y. 213; *Woodward* v. *Fuller*, 80 N. Y. 312; *Nolan* v. *Whitney*, 88 N. Y. 648; *Flaherty* v. *Miner*, 123 N. Y. 382; *Van Clief* v. *Van Vechten*, 130 N. Y. 579; *Phillip* v. *Gallant*, 62 N. Y. 264; *Miller* v. *Benjamin*, 142 N. Y. 613.) On this point the proofs presented a question of fact for the determination of the trial court, and it has been determined against the defendant's contention, as I think, properly. But even if it were true that the contractor did not

substantially perform, still the owner did, at the contractor's
expense, under the terms of the agreement. The right to
claim that the plaintiffs had forfeited the benefits of the con-
tract was thereby waived, and all the owner could claim is the
proper deduction from the contract price, and that has been
awarded. (*Ogden* v. *Alexander*, 140 N. Y. 356; *Weeks* v.
*O'Brien*, 141 N. Y. 199, 204; *Van Clief* v. *Van Vechten*,
*supra*.)

In fact, the learned General Term concedes that the plain-
tiffs are entitled to the benefits of the contract, less the
expense to the defendant of constructing the openings, since
it has ordered a money judgment in their favor for the
amount and interest, which, of course, it had no right to do if
the contract had been forfeited for non-performance.

There is some difficulty in clearly comprehending the prin-
ciple upon which the plaintiffs were awarded a money judg-
ment, and at the same time deprived of the lien, but, as I
understand the opinion below, it rests upon the circumstance
that when the notice was prepared and filed it contained the
statement that the work was completed, which was not strictly
correct, inasmuch as the openings were not then made, and
by reason of this statement no lien ever attached, though the
contract was subsequently performed or performance waived.

This, certainly, is not a very liberal construction of the
statute, especially in the absence of any finding that the mis-
statement was intentional or in bad faith. The findings, as
we have seen, import just the contrary.

There is nothing in the record to justify any appellate court
in disregarding the findings as unsupported by evidence. Nor
is there anything in the record to warrant the inference that
the plaintiffs, knowingly and consciously, inserted any false
statements in the notice, and nothing less than that, even upon
the view of the court below, will be sufficient to defeat the
lien.

When a party to a building contract states in a notice to
create a lien that he has performed it, this means a substantial
and not necessarily a literal performance. Construing the state

ment of the plaintiffs as referring to a substantial performance, then it has been found by the learned trial court that it was true, though the contract included the openings, and they were not made at the time. The statement was not in fact strictly correct, but it by no means follows that it was false in a legal sense. When we bear in mind that such contracts are often executed by agents and employees, and that they are not always expressed in terms so clear and explicit as to be free from doubt or ambiguity, it must be an exceptional case where an appellate court will be warranted in assuming that an incorrect statement in the notice that the contract has been performed, or that the contract price is due, is a false statement within the meaning of the rule. In this case the view of the court at Special Term that it was the result of an honest error is the more reasonable and just conclusion.

The judgment of the General Term should be modified by striking out the provision which declares that the plaintiffs have not acquired a lien by virtue of the notice; and that part of the judgment of the Special Term adjudging that they have should be affirmed. The plaintiffs should also recover the costs of the appeal.

All concur, except GRAY, J., who dissents upon the ground that because the notice of lien failed to comply with the requirements of the statute, and contained untruthful statements as to the material facts, no valid lien was created which plaintiffs could enforce, and they could only have a personal judgment againt the Wallis Iron Works for the actual amount due them; VANN, J., not voting.

Judgment accordingly.