(97 App. Div. 202.)

CREVELING v. SALADINO.

(Supreme Court, Appellate Division, Second Department. September 29, 1904.)

1. DURESS—SUFFICIENCY OF PLEADING.
    The "compulsion" pleaded by the answer in an action on an order, alleging that it was given under compulsion as defendant was about to receive a payment on a loan, and could not wait to settle the difference between him and plaintiff, as plaintiff had a lien on defendant's prop-

erty which it was necessary to have discharged so that the payment on the loan could be made, does not amount to a defense of duress.

**2. ORDERS—CONSIDERATION.**

The answer to an action on an order practically admits liability, notwithstanding denials, it showing that there was a difference between the parties as to the amount defendant owed plaintiff, and that it was settled by the giving of the order in consideration of the release of a lien; that being a sufficient consideration.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by John C. Creveling against Anthony Saladino, interpleaded in place of Stephen P. Sturges. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

James P. Judge, for appellant.
V. L. Haines, for respondent.

WILLARD BARTLETT, J. This suit was originally brought against Stephen P. Sturges, who paid the amount demanded into court, and caused the defendant, Anthony Saladino, to be interpleaded in his stead. Saladino thereupon answered, and when the case came on for trial the plaintiff moved for judgment upon the pleadings, and the motion was granted. The question presented by this appeal, therefore, is whether the answer is insufficient by reason of its omission to deny the plaintiff's alleged cause of action or set up any defense.

The complaint alleges that the plaintiff sold and delivered to Saladino building materials for the agreed price of $1,683.46, and reasonably worth that sum; that Saladino paid $1,283.46 to the plaintiff on account thereof; that thereafter an account was stated between the plaintiff and Saladino upon which a balance of $400 was found to be due from Saladino to the plaintiff; that Saladino promised to pay the said $400 to the plaintiff, and gave him an order for that amount on Stephen P. Sturges, which the latter accepted; that Sturges was then making a loan on Brooklyn property to Saladino, who was constructing buildings thereon in which he used the materials furnished to him by the plaintiff; and that Sturges has refused to turn over the said $400 to the plaintiff, but continues to hold the same, "although all the conditions have been fully performed and carried out which were required by the terms of said order to make the money due and payable, and although the said $400 has long since been due to the plaintiff by the terms of said order, and often demanded." A copy of the order is annexed to and made a part of the complaint, and it shows that the $400 was to come out of the third payment to Saladino upon his contract when the white coat or standing trim should be on the buildings.

The answer of Saladino begins by denying every allegation of the complaint except as subsequently specifically admitted. It then admits the sale and delivery of building materials, the payment by Saladino of $1,283.46 to the plaintiff, and the making of an order like that attached to the complaint; but it denies that the building materials were of the agreed price and reasonably worth the sum of $1,683.46, or Saladino paid the $1,283.46 upon a bill of that amount. The answer

proceeds to allege that when he gave the order Saladino informed the plaintiff that he did not owe the amount set forth therein; and there is also the further and final averment "that the said order was given under compulsion as this defendant was about to receive a payment on his building loan, and could not wait to settle the differences between him and the plaintiff, as the plaintiff had a lien on the property of this defendant aforesaid, which was necessary to have discharged so that such payment could be made; and that this defendant does not now owe the said plaintiff the amount of money aforesaid." Notwithstanding the denials in the answer, I think that this averment which I have quoted is practically an admission of the appellant's liability. The "compulsion" pleaded does not amount to a defense of duress. The appellant admits that there were differences between him and the plaintiff; that the plaintiff had a lien on his property, which prevented him from receiving a payment on his building contract; and that for the purpose of procuring a discharge of that lien, and thus obtaining the desired payment, he gave the order in question. In other words, the appellant agreed to give the plaintiff $400 in settlement of the differences between them if the plaintiff would release the property from his lien. The plaintiff has executed the agreement on his part, but the appellant does not want to pay the money. This is the fair import of the answer. The position assumed therein is untenable. The removal of the lien was a sufficient consideration for the order, and the facts as admitted entitled the plaintiff to judgment upon the pleadings. That judgment must be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.