ROMANIK v. RAPOPORT et al.

(Supreme Court, Appellate Division, Second Department. January 5, 1912.)

1. MECHANICS' LIENS (§ 227*)—BOND FOR DISCHARGE—LIABILITY ON BOND.

The sureties on a bond for discharge of a mechanic's lien are not liable unless the lien be shown to have been valid, which it was not if the notice of lien was invalid.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 410; Dec. Dig. § 227.*]

2. MECHANICS' LIENS (§ 139*)—NOTICE OF LIEN—REQUISITE STATEMENTS.

Under Laws 1897, c. 418, § 9, requiring notice of a mechanic's lien to state the labor performed or to be performed, or materials furnished or to be furnished, and the agreed price or value thereof, and section 10, providing that the notice of lien may be filed any time during the progress of the work and the furnishing of the materials, or within 90 days after the completion of the contract, or the final performance of the labor, or the final furnishing of the material, a notice, if filed during the progress of the work, must substantially state what labor has been performed and what material has been furnished, and what remains to be done, with the amount unpaid to the lienor under the contract.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 234–236; Dec. Dig. § 139.*]

3. MECHANICS' LIENS (§ 139*)—NOTICE—CONSTRUCTION.

The statement, in a notice of lien, that "the labor to be performed is putting up all iron works," is to be construed as relating to the nature of the contract, and not as a statement that no work had been done un-

der the contract, being followed by statements of what was the labor performed and the material furnished.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 139.*]

4. MECHANICS' LIENS (§ 139*)—NOTICE OF LIEN—STATEMENT OF WORK—MATERIAL AND AMOUNT UNPAID.

A notice of mechanic's lien, filed during the progress of the work, is invalid, as not substantially stating the work and material done and furnished, and what remains to be done, and the amount unpaid the lienor under the contract, as required by Laws 1897, c. 418, §§ 9, 10; it leaving blank a statement as to material to be furnished, and stating the amount unpaid the lienor for labor and material as $900, when material and labor for putting it in place was omitted at the request of the principal contractors, leaving unpaid only $770, so that the statement must have been known to be untrue.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 234–236; Dec. Dig. § 139.*]

Appeal from Special Term, Kings County.

Action by Joe Romanik against Max Rapoport and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, BURR, and CARR, JJ.

Hermon H. Shook, for appellant.
Abraham H. Spigelgass, for respondents.

BURR, J. On June 3, 1907, plaintiff entered into a written contract with Max Rapoport and Charles Ratner for the performance of certain work in connection with the erection of 17 buildings on the south side of Prospect place, in the borough of Brooklyn, belonging to the said Rapoport. On the 17th of January, 1908, plaintiff filed a notice of a mechanic's lien against the said property. On the 14th of February, 1908, the said lien was discharged by the filing of a bond in accordance with the provisions of the statute. Thereafter this action was commenced against the contractors, the owner, and the sureties upon the said bond. Upon the trial thereof the complaint was dismissed as against the sureties on the bond, and from the judgment entered in their favor this appeal is taken.

[1, 2] The sureties upon a bond given under such circumstances are not liable unless the plaintiff establishes the existence of a valid lien. Vitelli v. May, 120 App. Div. 448, 104 N. Y. Supp. 1082. The validity of the notice of lien filed by plaintiff is challenged upon the ground that it fails accurately to state how much labor has been performed and how much remains still to be performed, and what quantity of materials has been furnished and what quantity remains to be furnished under the contract, together with the agreed price or value thereof, and that it falsely states the amount unpaid to the lienor for such labor or materials. Lien Law, c. 49, of the General Laws; Laws of 1897, c. 418, § 9. To determine the true meaning of these provisions of the statute, this section must be read in connection with section 10 of the same act, which provides that:

"The notice of lien may be filed at any time during the progress of the work and the furnishing of the materials, or within ninety days after the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

completion of the contract, or the final performance of the work, or the final furnishing of the materials."

A fair construction of these provisions of the statute requires that, if a notice of lien is filed during the progress of the work, such notice should contain a statement of what labor has been performed and what materials have been furnished and what still remains to be done, with the amount unpaid to the lienor under the contract. Unless these provisions of the statute are substantially complied with, the lien is invalid.

"A mechanic's lien never comes into existence unless the notice upon which it is founded substantially complies with the statute which authorizes the creation of such liens." Toop v. Smith, 181 N. Y. 283, 73 N. E. 1113.

[3, 4] The notice of lien filed in this case contains a statement that "the labor to be performed is putting up all iron work on premises." Counsel for respondents contends that this is a statement that no work has been done upon the premises described in the notice under the contract between the lienor and the persons employing him. This criticism seems to us unfounded; particularly when this sentence is read in connection with subsequent portions of the same notice. We think the fair construction of this language causes it to relate to the nature of the contract, rather than to that portion of the work which has been completed or remains uncompleted. This is apparent when we observe that the very next sentence is to the effect that the labor performed was putting up all iron work on 17 buildings. Then follows a statement that:

"The material furnished was fire escapes, iron beams, iron stoop-rails, and all other iron work necessary in constructing of (sic) said seventeen buildings."

The notice then contains a statement that "the material to be furnished is. * * *" This must either be construed as meaning that no material remains to be furnished, or that there is no statement upon the subject. The notice then contains a statement that the agreed price and value of said labor and materials is $3,100, and the amount unpaid to the lienor for such labor and material is $900. It appears from the complaint in this action that this lien was filed during the progress of the work. The language of the complaint is that on the 17th of January, 1908, and after the commencement and prior to the completion of the work and the furnishing of the materials provided for in the contract hereto annexed, the plaintiff filed a notice of lien. The date upon which plaintiff stopped the performance of labor and the furnishing of materials under the contract is not definitely stated in the complaint; but from the statement that the balance claimed to be due became due on the 24th of January, 1908, we are justified in assuming that that date represented the termination of his work under the contract. It also appears that a portion of the materials called for, together with the necessary labor in connection with the installation thereof, was never performed, but that such omission was had at the request of the defendant contractors. Giving credit for the value of the work omitted, the complaint asks for judgment for $770, instead of $900, the sum stated to be due in the notice of lien.

Upon this state of facts we think that the learned court at Special Term correctly decided that the notice of lien was invalid. Finn v. Smith, 186 N. Y. 465, 79 N. E. 714. At the time when the notice was filed, the lienor knew that there was work still to be done and materials still to be furnished, and that to a considerable amount, and he also knew that the sum of $900 claimed by him would not become due until all of the said materials had been furnished and all of said labor had been performed. This failure to comply with the provisions of the statute as to the labor still to be performed and the materials still to be furnished, and the misstatement as to the amount due, could not have been the result of an honest mistake, such as has been held sufficient to excuse a variance in these respects. Ringle v. Wallis Iron Works, 149 N. Y. 439, 44 N. E. 175; Foster v. Schneider, 50 Hun, 151, 2 N. Y. Supp. 875; Goodrich v. Gillies, 82 Hun, 18, 31 N. Y. Supp. 76; Felgenhauer v. Haas, 123 App. Div. 75, 108 N. Y. Supp. 476. In the case of Ringle v. Wallis Iron Works, supra, the court at Special Term found that the error in the statement as to the amount due at the time the lien was filed was the result of an honest mistake as to the true meaning of the contract. In that case it appeared that, in connection with the construction of the work for which plaintiff was to be paid more than $3,000, two gangway openings were omitted, the cost of cutting and completing which would be about $35. The court found that at the time of filing the notice of lien, plaintiffs "supposed that they had completed the work," and had not "knowingly and consciously inserted any false statements in the notice." In Goodrich v. Gillies, supra, the court found that the lienor "had reason to believe that all of the materials described in said notice of lien had been actually used." In this case the plaintiff lienor could not have supposed anything of the sort. It is quite likely that he intended no moral wrong in making the statements which he did in the notice of lien which was filed, but the statements were untrue, were known to him to be untrue, and for this reason he is deprived of the benefit which otherwise he might have obtained under this statute.

The judgment appealed from should be affirmed, with costs. All concur.