META ARONOFF and KIEVE ARONOFF, Plaintiffs, *v.*
·ROSIE LEVINE and JACOB LEVINE, Defendants.

(Supreme Court, Queens Special Term for Trials, January, 1919.)

Mortgages — action to set aside for duress — mechanics' liens.

> In an action to set aside a bond and mortgage, it appeared
> that defendant was under contract with plaintiff for a part of
> the work on buildings erected upon the mortgaged premises.
> An action to enforce the lien of another contractor resulted in
> a decision against the plaintiff herein, who gave a second mort-
> gage for a loan sufficient to pay and discharge said lien. When
> the title was searched, it was discovered that after the said
> decision in the other lien action defendant herein, acting in
> bad faith, had filed a lien against the property for $2,440 at a
> time when plaintiff only owed him $112, the balance of said
> defendant's claim being fictitious, and that more than six
> months had elapsed, before the filing of said lien, since he had
> done any work for plaintiff who, when he heard of said lien,
> offered the full amount he owed and requested a discharge of
> the lien, which was refused. Plaintiff being without means of
> raising the money with which to pay the amount due the other
> · contractor, except by a mortgage upon the property which could
> not be made while defendant's lien remained of record, and pro-
> testing that he did not owe defendant more than $112, he, in
> order to get his loan on mortgage and pay his other indebted-
> ness and thus avoid a sale of the property, paid the defendant
> a certain sum in cash and executed the bond and mortgage in
> suit. In awarding judgment in favor of plaintiff, *held,* that
> the bond and mortgage in suit had been made and executed
> under duress.
>
> That the lien filed by defendant was invalid because not
> filed in time and having been wilfully filed with the knowledge
> on the part of the defendant that there was no basis for claim
> thereunder, it was wholly invalid even though otherwise it would
> have been valid for a lesser amount.

ACTION to set aside a bond and mortgage.

Joseph A. Whitehorn, for plaintiffs.

Louis Rosenberg, for defendants.

CROPSEY, J.   The plaintiffs seek to set aside a bond and mortgage executed by them.   They claim it was made under duress.   The facts out of which this claim arises are found to be as follows:   The plaintiff Kieve Aronoff is the owner of a piece of property upon which he was erecting buildings.   The plaintiff Meta Aronoff is his wife.   The defendant Jacob Levine had a contract from the plaintiff for a portion of the work on the buildings.   The plaintiff got into difficulties with another contractor who filed a lien.   The action to enforce that lien was tried, resulting in a decision against the plaintiff.   Thereupon the plaintiff undertook to raise a second mortgage upon the property to get the money necessary to pay the amount found to be due on the lien mentioned, and the plaintiff succeeded in finding a party who was willing to make the loan.   When the title was searched it was discovered that the defendant Jacob Levine had filed a lien against plaintiff's property.   This was in the amount of $2,440, and it was filed on January 29, 1918, after the decision against the plaintiff in the other lien action.   At the time defendant's lien was filed, the plaintiff owed him only $112.   The balance of the defendant's claim was fictitious.   And more than six months had elapsed before defendant filed his lien since he had done any work for the plaintiff.   When the plaintiff learned of defendant's lien, he offered to pay the defendants the full amount that he owed, and requested them to discharge the lien.   This they refused to do, insisting upon the payment of a large sum in addition to the amount that was due.   The plaintiffs had no other means of raising the money with which to pay the amount found due by them to the other contractor except by a mortgage upon this property, and that mortgage could not be made while the defendant's lien remained of record. These facts

were all known to the defendants and their lien was filed for the purpose of forcing the plaintiff to pay a sum that was not due to the defendant. The defendant acted in bad faith in filing a lien for an amount which he knew was not owed him. Protesting that he did not owe the defendant more than $112, plaintiff, in order to get his loan on mortgage and to pay his other indebtedness and so avoid a sale of his property, paid the defendant in cash $200, and executed a bond and mortgage for $1,500. This is the bond and mortgage which it is sought to have set aside.

The question is whether upon these facts duress is shown. Originally duress could only be predicated upon acts that affected the person. No mere loss of property was sufficient to enable the party to avoid the contract. But this law has long since been changed. Now it is recognized generally that duress may arise out of acts affecting property as well as the person. The principle of the rule has been stated in *Van Dyke* v. *Wood,* 60 App. Div. 208, 215, as follows: " It lays hold of the fact of extortion, and if that fact is established and there has been added to it the further fact that the person upon whom the extortion is practiced finds himself in such a necessitous condition that to avoid a greater harm and damage he must make a contract which is forced upon him, then the element of consent will not be deemed to exist and the contract will be avoided."

The same principle was upheld in *Harmony* v. *Bingham,* 12 N. Y. 99, where the court, at page 116, said: " When a party is compelled, by duress of his person or goods, to pay money for which he is not liable, it is not voluntary but compulsory. Where the owner's goods are unjustly detained on pretense of a lien which does not exist, he may have such an immediate want of his goods that an action at law will not answer

his purpose. The delay may be more disadvantageous than the loss of the sum demanded. The owner, in such case, ought not to be subjected to the one or the other, and to avoid the inconvenience or loss, he may pay the money, relying on his legal remedy to get it back again (*Astley* v. *Reynolds,* 2 Strange, 916).''

The rule is also well stated by Judge Mitchell in *Joannin* v. *Ogilvie,* 49 Minn. 564; 16 L. R. A. 376: ''And the modern authorities generally hold that such pressure or constraint as compels a man to go against his will, and virtually takes away his free agency, and destroys the power of refusing to comply with the unlawful demand of another, will constitute duress, irrespective of the manifestation or apprehension of physical force.''

The cases already cited are authority in support of the plaintiff's contention. In *Harmony* v. *Bingham,* goods which had been transported were retained under a demand for the payment of a greater sum than was due. The payment was made in order to obtain the goods, and it was held to have been made under duress. In *Van Dyke* v. *Wood,* the wife, for a consideration received by her, had agreed to sign off her rights of dower in all property owned by her husband, but, when requested to do so, insisted upon a further sum being paid. This her husband did pay in order to carry through a sale of the property, and it was held that this payment was made under duress. In *Joannin* v. *Ogilvie,* the facts were quite similar to those in the case at bar. There a mechanic's lien was filed upon an unfounded claim which the owner of the property paid in order to obtain a mortgage upon it which he required in order to pay obligations of his, he having no other available means of raising the money. This payment was held to be under duress.

In *Kilpatrick* v. *Germania Life Ins. Co.,* 183 N. Y.

163, the holder of a mortgage refused to accept the principal of it unless a bonus was paid; the principal was due and the holder had no right to insist upon a bonus, but the owner of the property paid it in order to get a new loan which he had previously contracted for. The payment of this bonus was held to be made under duress. The court said, page 168: " The plaintiff, in view of the way business is done in giving a new mortgage to pay off the old one, could not wait to make a tender and take legal action and he was not obliged to. He could submit to the exaction and pay the bonus, and sue to recover it back, because such a payment is not voluntary."

Security given for the payment of a sum not owed, in order to relieve property from an execution sale under proceedings regular but severe, has also been held to have been received under duress. *Neilson* v. *McDonald,* 6 Johns. Ch. 201.

Even when a payment is made upon a threat that a lien will be filed and to prevent its filing, it may be recovered where the claim was unfounded and there was no right to a lien. *Gates* v. *Dundon,* 18 N. Y. Supp. 149.

The owner of property, having deeded it to a bank as security for a loan, had a chance to sell it at good profit. The bank refused to deed it back unless it was paid a large sum in excess of the owner's indebtedness. The owner was in financial difficulties and needed the money that could be realized on the sale of the property, and he paid the bank's demands. It was held he could recover the amount paid above what he owed. *First National Bank* v. *Sargent,* 59 L. R. A. 296.

The cases cited by the defendant, with the exception of *Hyland* v. *Anderson,* 1 Misc. Rep. 337, which seems not to be in accord with *Harmony* v. *Bingham* and the other cases cited, are not opposed to the plaintiff's con-

tention. In *Lilienthal* v. *Bechtel Brewing Co.*, 118 App. Div. 205, notes were due and payment demanded, and, in order to have them extended, the debtor paid the additional consideration. In *Creveling* v. *Saladino,* 97 App. Div. 202, the lien was not filed fraudulently or with the intent of coercing payment. The same is true of *Neufeld* v. *City of New York,* 93 App. Div. 591; *Redmond* v. *City of New York,* 125 N. Y. 632, and *Vaughn* v. *Village of Portchester,* 135 id. 460. In *Slade* v. *Montgomery,* 53 App. Div. 343, there was no extortion. The decision in *Abelman* v. *Indelli & Conforti Co.,* 170 App. Div. 740, was merely to the effect that the contract sought to be avoided on the ground of duress had been ratified. And in *McGuire & Co.* v. *Vogel Co.,* 164 App. Div. 173, mere threats to take legal proceedings to enforce an alleged claim and to remove property by force were held not to constitute extortion, and hence there was no duress.

The defendants claim that plaintiffs have waived the right to set up the duress. But no such defense is pleaded. Nor does the proof justify such a finding. The satisfaction of the lien could not be returned, and there was no requirement that it should be. The defendants were paid in cash more than the amount of their just claim. The same situation existed in *Van Dyke* v. *Wood,* 60 App. Div. 208, 217. Certainly no waiver can be predicated on the fact that this action was not commenced until about two months after the transaction was closed. Plaintiffs in no way recognized the contract during that interval, and the time was not unreasonable. Delay in asserting such a claim might have a bearing upon the decision as to whether the payment was voluntary or otherwise. But if it was in fact involuntary, a right of action to avoid the contract would be neither barred nor waived by mere delay in asserting the right. *Joannin* v. *Ogilvie,* 49 Minn. 564;

**43**

16 L. R. A. 376. Nor did the payment of an installment of principal and interest due on the bond and mortgage in question affect the plaintiff's rights. This payment was made during the pendency of the action. The action not being reached before the summer recess, the payment was made to protect plaintiffs' rights. It was expressly made under protest, and with the statement that thereby plaintiff did not recognize the validity of the bond and mortgage. Assuredly the defendants were not prejudiced by the payment. They have received the additional sum to which they were not entitled.

The lien filed by the defendant was invalid. It was not filed in season. More than six months had elapsed since the last service was rendered and materials furnished. In addition, the lien was for an enormously exaggerated amount, and it was filed wilfully with knowledge on the part of the defendant that there was no basis for the claim made. This made the lien wholly invalid, even though otherwise it would have been valid for a lesser amount. *Aeschlimann* v. *Presbyterian Hospital,* 165 N. Y. 296, 302–304; *Romanik* v. *Rapoport,* 148 App. Div. 688, 691. Even in the absence of affirmative proof of actual fraud, the mere exaggerated amount of the claim is sufficient to make it invalid. *New Jersey Steel & Iron Co.* v. *Robinson,* 85 App. Div. 512, 518.

The plaintiffs should have judgment, with costs.

*Judgment for plaintiffs, with costs.*