ANNA BLUM, Respondent, *v.* EDITH H. HOFFKINS and Another, Appellants, Impleaded with THE COUNTY TRUST COMPANY, Respondent.

Second Department, November 21, 1924.

**Mortgages — foreclosure — husband induced wife through fraud to mortgage her property — mortgage was assigned to plaintiff — wife paid first interest under protest — mortgage was void, cannot be foreclosed, and is canceled of record.**

A mortgage on real property in the hands of an assignee, which the mortgagor was induced to execute through the fraud of her husband, and on which she paid the first interest under protest, is void, cannot be foreclosed, and should be canceled and discharged of record.

APPEAL by the defendants, Edith H. Hoffkins and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 4th day of January, 1924, upon the decision of the court rendered after a trial at the Westchester Special Term.

Plaintiff brought this action for the foreclosure of a mortgage dated January 13, 1921, alleged to have been made by the defendant Edith H. Hoffkins to the defendant the County Trust Company, for $2,500 due in one year, and recorded in the office of the register of Westchester county on January 17, 1921, and assigned by the

County Trust Company to plaintiff by instrument dated June 5, 1922, recorded June 22, 1922. Defendant Hebbard is made a party to the action by reason of a conveyance to him by defendant Hoffkins dated October 15, 1922, recorded November 21, 1922.

Defendant Hoffkins' husband sometime prior to January 13, 1921, drew his check on the National City Bank of New Rochelle for $2,500 and gave it to one Bailie, who deposited it in his account with the defendant the County Trust Company and drew therefrom substantially the amount of the check. The check was worthless, and was subsequently returned to the trust company. The trust company informed Hoffkins that the check would have to be made good. He thereupon prepared the bond and mortgage in suit, and induced the defendant Edith H. Hoffkins to sign them, representing to her that she was signing as witness an application for the renewal of a neighbor's notarial appointment. She did not see the papers at the time of signing but Newwitter, the notary, for whom she understood she was acting as a witness, signed the papers as notary though without going through the form of obtaining her acknowledgment. The papers were thereafter delivered to the trust company by Hoffkins, who received in exchange his worthless check.

The defendant Hoffkins' husband thereafter and on June 22, 1922, negotiated a sale of the mortgage to plaintiff through her attorney. Defendant first discovered the existence of this mortgage when demand was made upon her for the payment of the interest. She immediately notified plaintiff's attorney that it was a forgery, but upon advice of counsel thereafter paid the interest under protest, but upon her refusal to pay interest when it next became due, this action was instituted.

*Arthur F. Engel,* for the appellant.

*Benjamin M. Freeman,* for the plaintiff, respondent.

*Eben H. P. Squire* [*Farrington M. Thompson* with him on the brief], for the respondent trust company.

RICH, J.:

The learned trial court has found that while the bond and mortgage in suit bear defendant's true signature, they were procured through the trick and device of her husband, and that at the time they were signed she neither knew the contents nor purport of the papers and did not intend to sign them as and for her bond and mortgage, but believed she was witnessing other papers   The evidence sustains these findings, but the Special Term has found for plaintiff and decreed foreclosure of the mortgage.   The question

presented for our determination is upon whom shall the loss fall by reason of the fraud of defendant's husband?

I cannot agree with the conclusion of the learned trial court. The doctrine laid down in *Marden* v. *Dorthy* (160 N. Y. 39, 58), and followed by this court in *Caccioppoli* v. *Lemmo* (152 App. Div. 650), to the effect that, where the defendant did not *intend* to execute the instruments upon which recovery is sought, no valid instruments result, but forgeries, for the consequences of which defendant may not be charged, is controlling in the case at bar. Plaintiff stands in the shoes of her assignor, the trust company, subject to all the equities existing between the original parties. (*Rapps* v. *Gottlieb*, 142 N. Y. 164, 166.) The fact that defendant paid the interest under protest creates no estoppel against her (*Aronoff* v. *Levine*, 105 Misc. 668, 674; affd., 190 App. Div. 172), and judgment should have been directed for the individual defendants.

The judgment appealed from should, therefore, be reversed on the law and the facts, with costs, and judgment decreed for defendants Hoffkins and Hebbard, directing that the record of said mortgage and assignment in the office of the register of the county of Westchester be canceled and discharged, with costs. Findings of fact 2, 3, 4 and 8, and conclusions of law 1 and 2 should be reversed, and defendants' proposed findings of fact 5, 6  7, 8, 10, 11, 14, 15, 16, 18 and 19, and conclusions of law 2, 4, 6, 7, 9 and 11 found.

KELLY, P. J., JAYCOX, KELBY and YOUNG, JJ., concur.

Judgment reversed on the law and the facts, with costs, and judgment decreed for defendants Hoffkins and Hebbard, in accordance with opinion, with costs. Findings of fact 2, 3, 4 and 8, and conclusions of law 1 and 2, reversed, and defendants' proposed findings of fact 5, 6, 7, 8, 10, 11, 14, 15, 16, 18 and 19, and conclusions of law 2, 4, 6, 7, 9 and 11, found. Settle order on notice.