■ ALLAN WALLSHEIN, Appellant, v. S. DANIEL SELDIN et al., Respondents.— In an action to recover damages for personal injuries, alleged to have resulted from an intravenous injection of penicillin, the appeal is from a judgment dismissing the complaint at the close of the appellant's case. Judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock and Hallinan, JJ.; Kleinfeld, J., not voting.

■ ETHEL H. WARD, Respondent, v. CITY OF NEW ROCHELLE et al., Appellants.— In an action for a declaratory judgment, and for other relief, the appeal is from a judgment entered after trial before an Official Referee adjudging that respondent has a vested right to develop her property in accordance with a filed preliminary plat plan and the provisions of a 1955 zoning ordinance, and further adjuding that amendments made in 1957 to the ordinance are inapplicable and unconstitutional with respect to respondent's property. After approval of the preliminary plat plan, respondent made a gift to the school district of the municipality of a substantial portion of her property. Thereafter, the plat plan was disapproved, and respondent's property was rezoned to a more restrictive classification. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Ughetta and Kleinfeld, JJ.; Murphy, J., deceased.

■ ANNA WICKERS, Appellant, v. MARY E. WICKERS, Respondent, et al., Defendant.— In an action to recover damages for personal injuries, the answer set up the defense of general release, and the parties agreed to try the issue of general release separately. The appeal is from a judgment dismissing the complaint after trial of such issue. Judgment affirmed, with costs. No opinion. Beldock, Ughetta and Hallinan, JJ., concur; Wenzel, Acting P. J., and Kleinfeld, J., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: While it is true that appellant could not identify the person at whose request she signed the general release, she did testify that he stated that he represented her daughter-in-law, the respondent herein. There was no reason for appellant to suspect that he represented a lawyer or an insurance company. He was certainly not a "mythical" person, as denominated by the court, for he was armed with a formal general release, and he notarized appellant's signature. Under the facts disclosed it would not be necessary for the court to guess as to his representative capacity. No legal proceedings had been initiated. Had appellant been informed that her caller represented an insurance company or a lawyer, she might have been on her guard. Appellant should have been permitted to show all the circumstances surrounding the execution of the release, viz., that she had no intention of executing a general release (*Farrington* v. *Harlem Sav. Bank*, 280 N. Y. 1; *Boxberger* v. *New York, New Haven & Hartford R. R. Co.*, 237 N. Y. 75) or that her signature had been obtained by trick or device, even if the person who obtained it was a stranger to the agreement (cf. *Marden* v. *Dorthy*, 160 N. Y. 39, 48 *et seq.*; *Caccioppoli* v. *Lemmo*, 152 App. Div. 650; *Blum* v. *Hoffkins*, 210 App Div. 748, affd. 244 N. Y. 531).