■ In the Matter of EXETER BUILDING CORP., Appellant-Respondent, v TOWN OF NEWBURGH et al., Respondents-Appellants, and TOWN OF NEWBURGH PLANNING BOARD, Respondent. [854 NYS2d 193]—

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding and action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues

raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

On March 6, 2006 the Town of Newburgh adopted a resolution enacting Local Law No. 3 (2006) of Town of Newburgh (hereinafter Local Law 3), which rezoned residential R-2 and R-3 areas to residential R-1. Exeter Building Corp. (hereinafter the petitioner) owns real property in the rezoned area and, under the new zoning law, the petitioner's intended development of its real property would no longer be possible as anticipated.

The petitioner commenced this hybrid proceeding to annul Local Law 3 for the Town's alleged failure to take the requisite hard look at areas of environmental concern and action for a judgment declaring that it has both a statutory and common-law vested right to develop the real property under the prior zoning regulations. The Supreme Court found that the petitioner failed to establish a vested right, but agreed that the Town failed to take a hard look at traffic impacts of the rezoning, and it therefore annulled Local Law 3. We reverse.

Contrary to the Supreme Court's finding, the record demonstrates that, prior to enacting Local Law 3, the Town took the requisite hard look at areas of environmental concern, including traffic issues, in the proposed rezoning areas (*see* Environmental Conservation Law § 8-0109 [2]; 6 NYCRR 617.7 [b] [3]; *Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd,* 79 NY2d 373, 382 [1992]; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417 [1986]). Thus, the Town's determination to adopt Local Law 3 should have been confirmed (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Akpan v Koch,* 75 NY2d 561, 570 [1990]; *Aldrich v Pattison,* 107 AD2d 258, 267 [1985]).

The Supreme Court, however, incorrectly determined that the petitioner did not acquire a vested right to pursue development of the subject real property under the prior zoning regulations (*see* Town Law § 265-a; *Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead,* 77 NY2d 114 [1990]).

Although the Supreme Court was correct in determining that the petitioner failed to establish "substantial improvements and expenditures" to support a claim of common-law vested rights (*Matter of Ellington Constr. Corp. v Zoning Board of Appeals of Inc. Vil. of New Hempstead,* 77 NY2d at 125), the Supreme Court should have found that the petitioner established statutory vested rights pursuant to Town Law § 265-a. The lot-line change

approved for the subject property by the Town of Newburgh Planning Board in November 2005 constitutes a "subdivision" within the meaning of Town Law § 276 (4) (a) and Town of Newburgh Code § 163-2, which consequently exempts the real property from the rezoning effected by Local Law 3 for a three-year period following that approval, notwithstanding the fact that though no additional lots were actually created (*see Freundlich v Town Bd. of Southampton,* 73 AD2d 684 [1979], *affd* 52 NY2d 921 [1981]).

Motion by the respondents-appellants on appeals and cross appeals from an order of the Supreme Court, Orange County, dated November 6, 2006, and a judgment of the same court dated January 18, 2007, to resettle a decision and order on motion of this Court dated December 24, 2007, granting their motion to stay the appellant-respondent and its agents, licensees, officers, employees, and lessors from requesting or obtaining approval from the Town of Newburgh Planning Board for the "Madison Green Project" to develop a high-density condominium complex on the subject real property and to stay the Town of Newburgh Planning Board from granting further approvals of the appellant-respondent's application for the "Madison Green Project" to develop a high-density condominium complex on the subject real property, pending hearing and determination of the appeals and the cross appeals.

Motion by the appellant-respondent on the appeals and cross appeals to preliminarily enjoin the Town of Newburgh and its agents, officers, employees, and persons acting in concert with it, from taking any further action, inter alia, to rezone certain real property, pending hearing and determination of the appeals and cross appeals.

Upon the papers filed in support of the motions, the papers filed in opposition thereto, and upon argument of the appeals and cross appeals, it is

Ordered that the motions are denied as academic in light of our determination on the appeals and cross appeals. Spolzino, J.P., Florio, Angiolillo and Dickerson, JJ., concur.